UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN KENJI LE BROCQ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. |
| THE CITY OF CARROLLTON, TEXAS; | § | |
| FANNING HARPER MARTINSON BRANDT | § | JURY TRIAL DEMANDED |
| & KUTCHIN, P.C; a Texas Professional | § | |
| Corporation and THOMAS P. BRANDT, | § | |
| Individually; MERIDETH LADD; | § | |
| SUSAN KELLER; and MARY SCANLON | § | |
| | § | |
| *Defendants.* | § | |

---

## COMPLAINT

---

NOW COMES, Plaintiff, STEPHEN KENJI LE BROCQ, and files this Complaint against THE CITY OF CARROLLTON, TEXAS ("Carrollton" or "City"); FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C, a Texas Professional Corporation ("law firm"); THOMAS P. BRANDT ("Brandt"), Individually, MERIDETH LADD ("Ladd"); SUSAN KELLER ("Keller"); and MARY SCANLON ("Scanlon") and hereby pleads as follows:

### STATEMENT OF THE CASE

1.      Stephen Le Brocq brings this civil action for damages, injunctive relief, and declaratory relief against the City of Carrollton, its privately-retained law firm, Fanning Harper Martinson Brandt & Kutchin, P.C., and attorney Thomas P. Brandt, lead attorney in said law firm representing the City of Carrollton, Texas. The Defendants threaten Mr. Le Brocq, an attorney,

Carrollton resident, homeowner, and business owner in the City of Carrollton with a grievance to the State Bar of Texas and potential civil action by way of a cease and desist letter to deprive Mr. Le Brocq from exercising his First Amendment rights. To threaten Mr. Le Brocq with action against his law license, his reputation, and potential civil lawsuit for the peaceful exercise of the most fundamental right afforded every United States citizen, the right to peaceably assemble, petition government, and seek redress for grievances therefrom, blatantly violates Mr. Le Brocq's First Amendment rights.

2.      To makes matters worse, the Defendants are using their threats to retaliate against Mr. Le Brocq for his exercise of his First Amendment rights to address issues within the City of Carrollton that affect the integrity of the justice system. This includes exposing lies and coverups by City officials.

3.      By this action, Mr. Le Brocq seeks a declaration that the policy enacted and executed by the Defendants violates the First and Fourteenth Amendments and is an unconstitutional prior restraint on his First Amendment rights. He also seeks injunctive relief to prohibit such conduct in the future, and damages to compensate him for the damages caused by the Defendants.

4.      Lastly, Mr. Le Brocq seeks damages against City Attorney Meredith Ladd, and City prosecutors Susan Keller and Mary Scanlon for their fraudulent conduct in using their power and the justice system to systematically suppress criminal discovery in violation of *The Michael Morton Act*, the Texas Rules of Disciplinary Conduct, and their oaths of offices. After the State lawsuit was filed against the City of Carrollton for misusing tax dollars, Mr. Le Brocq received an outpour of communications from attorneys that were similarly lied to and harassed by the City of Carrollton Attorney's Office and the Judge of the Municipal Court, Meredith Lyon.

**Jurisdiction and Venue**

5.     This civil action arises under 42 U.S.C. §1983 and seeks vindication of Mr. Le Brocq's rights under the First and Fourteenth Amendments to the Federal Constitution. This Court has jurisdiction to provide monetary and injunctive relief, pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4).

6.      This Court has jurisdiction to provide declaratory and other relief pursuant to 28 U.S.C. §§ 2201(a) and 2202.

7.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.     All events took place in this judicial District and Division. Defendants reside in Dallas County, where the City of Carrollton is located. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b).

**Parties**

9.     Plaintiff Stephen Kenji Le Brocq is an individual, who, at all times relevant hereto, resided in Carrollton, Texas.

10.     Defendant City of Carrollton is a body politic and a home rule municipality in Dallas County in the State of Texas. Defendants may be served by serving the mayor, clerk, secretary, or treasurer of the City at <u>1945 E. Jackson Road, Carrollton, Texas 75006</u>. The Defendant City operates, and is responsible for, its city attorney and the law firms it hires. Plaintiff sues the City because its banning practice, custom, and *de facto* policy violate the United States Constitution.

11.     Defendant Fanning Harper Martinson Brandt & Kutchin, P.C is a professional limited liability company doing business in Dallas County, Texas. Defendant Fanning Harper

Martinson Brandt & Kutchin, P.C may be served with service of process by serving its agent, Thomas P. Brandt at <u>4849 Greenville Avenue, Suite 1300 Dallas, Texas 75206</u>. At all relevant times, Defendant Fanning Harper Martinson Brandt & Kutchin, P.C. was and is a private law firm representing the City of Carrollton, Texas and acted under color of law and as agent and servant of the City of Carrollton. As such, it was and is responsible for upholding the law of the United States and Texas. Plaintiff sues the law firm for its violations taken on behalf of the City of Carrollton for damages and injunctive relief.

12.     Defendant Thomas P. Brandt is an individual who resides in Dallas County, Texas. Mr. Brandt may be served with service of process at his place of employment, Fanning Harper Martinson Brandt & Kutchin, P.C. at <u>4849 Greenville Avenue, Suite 1300 Dallas, Texas 75206.</u> At all relevant times, Defendant Thomas D. Brandt was lead attorney at the private law firm representing the City of Carrollton, Texas and acted under color of law and as agent and servant of the City of Carrollton. As such, he was and is responsible for upholding the law of the United States and Texas. Plaintiff sues him for his violations taken on behalf of the City of Carrollton for damages and injunctive relief.

13.     Defendant Meredith Ladd is City Attorney of the City of Carrollton. She may be served at her work address at <u>1945 E. Jackson Road, Carrollton, Texas 75006</u> or wherever she may be found.

14.     Defendant Susan Keller is an individual, resident of Collin County, Texas. She may be served at her place of work, <u>2001 E. Jackson Road, Carrollton, Texas 75006</u> or anywhere she may be found.

15.     Defendant Mary Alice Scanlon is an individual, resident of Dallas County, Texas who resides at 6124 Del Norte Lane, Dallas, Texas 75225. She may be served at her home address or anywhere she may be found.

### Statement of Facts

16.     Mr. Le Brocq is an attorney at law licensed and in good standing to practice law in the State of Texas and Illinois.

17.     Mr. Le Brocq's main law practice is across the street from the Carrollton Municipal Court, and while his practice focuses on other areas of litigation, he handles hundreds of cases before the Carrollton Municipal Court.

18.     Carrollton Municipal Court is notorious for the way it operates, but of most importance is the City Attorney's Office policy of infringing on the rights of criminal defendants by refusing to comply with *The Michael Morton Act*. *The Michael Morton Act* is codified under Article 39.14 of the Texas Code of Criminal Procedure.

19.     Many attorneys have expressed their issues with Carrollton, but few have done anything about it. Mr. Le Brocq tried being amicable with the State but was resisted and told to file a motion before the Municipal Court when he attempted to address issues regarding withholding criminal discovery.

20.     Mr. Le Brocq filed a motion with the City of Carrollton Municipal court asking the court to compel the prosecutors to comply with *the Michael Morton Act* by producing electronic duplicates of the State's discovery files.

21.     During the hearing on his motion, the State misrepresented facts to the Court, and the Court denied Mr. Le Brocq's motion.

22.     A few months later, Mr. Le Brocq filed a Motion for Leave to File a Writ of Mandamus in the Texas Court of Criminal Appeals ("CCA") under case number WR-88, 357-01.

23.     The CCA ordered the Judge of the Municipal Court to file a response to Mr. Le Brocq's petition for writ of mandamus and invited, but did not order, the City Attorney's office to respond.

24.     Shortly thereafter, Mr. Le Brocq was informed by the State that it was now miraculously able to comply with Mr. Le Brocq's request due to a purported recent upgrade in computer technology.

25.     Knowing the technology that Carrollton maintained prior to the purported upgrade was fully capable of complying with *The Michael Morton Act* and the only reason the State changed their policy was because a high court got involved, Mr. Le Brocq sought to uncover the State's lies.

26.     Mr. Le Brocq was informed by the City Attorney from a neighboring city in North Texas that when the discovery issues first came about, she spoke with Carrollton prosecutors in an attempt to convince them to comply with *The Michael Morton Act* and advised City of Carrollton prosecutors that it was not worth risking their law license. This same prosecutor informed Mr. Le Brocq that, much to her dismay, all of her efforts to get Carrollton prosecutors to understand the severity of what they were doing did not work.

27.     Mr. Le Brocq then sent a Public Information request to Carrollton for bills, invoices, contracts, and otherwise that would prove Carrollton recently upgraded their computer system. Carrollton responded by sending Mr. Le Brocq an outrageous invoice for *over $7,000.00* to obtain such records. Carrollton stated it would take a combined estimate of 320 hours of work

to find these documents. However, based upon what the State represented, the fairly recent records should be easy to obtain.

28.    Mr. Le Brocq's office was contacted by an associate from Fanning Harper Martinson Brandt & Kutchin, P.C. on or about May 16, 2018.

29.    The associate indicated that their private law firm represented both the Carrollton Municipal Judge and the Carrollton City Attorney's Office, jointly, regarding the Mandamus proceeding in the CCA.

30.    Mr. Le Brocq found it strange that Carrollton would spend taxpayers' funds in violation of the Gift Clause of the Texas Constitution on a private law firm regarding an appellate matter. Carrollton has a fully staffed City attorney's office with multiple attorneys and paralegals. Mr. Le Brocq further did not understand why this firm would represent 2 independent parties — a Judge and Prosecutor's Office — when it is axiomatic that a Judge and Prosecutor are separate and distinct actors in our legal system.

31.    The law firm for the Judge and City Attorney requested an extension of time to file their Responses with the CCA. Mr. Le Brocq conditioned an extension of time if Carrollton would represent that the new policy of providing electronic duplicates of criminal discovery to criminal defense lawyers would stay in place. The law firm did not respond and, instead, filed a contested motion with the CCA.

32.    On May 18, 2018, Mr. Le Brocq sent an e-mail to the Carrollton City Councilmembers and Mayor regarding widespread issues in Carrollton regarding its justice system. These issues affect Carrollton as a whole and are issues which are highly concerning to many people throughout Carrollton and other surrounding cities.

33.     Mr. Le Brocq did not discuss any specifics about a particular case. Instead, he requested to speak with the City to address his concerns and the concerns of others before they were made public before the Media.

34.     Surprisingly, the City did not respond or care to discuss the issues affecting the integrity of Carrollton's justice system, despite the fact that they are issues that the elected officials would presumably want to hear.

35.     On May 22, 2018, Defendant Fanning Harper Martinson Brandt & Kutchin, P.C, through one of its paralegals, transmitted a threatening letter which included a cease and desist demand. This letter was authored by Thomas P. Brandt and was sent via e-mail and certified mail to Mr. Le Brocq.

36.     The letter states in relevant part:

"This letter serves as response to your email on May 18, 2018, transmitted directly to the City of Carrollton City Council. Your email was a violation of Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct.

While we determine the appropriate course of action by which to address your ethical violation, please <u>cease and desist</u> from contacting my clients directly. As you have known since May 16, 2018, I am an attorney with Fanning Harper Martinson & Kutchin, P.C. and represent the City of Carrollton in this pending appellate matter regarding the petition for writ of mandamus before the Texas Court of Criminal Appeals. As should have been clear to you as a member of the Bar, *all communications concerning the Cesena matter should be addressed to either me, Laura O'Leary or Caroline Sileo*. (Emphasis in original).

37.     This letter came as a surprise to Mr. Le Brocq because Mr. Le Brocq never communicated with the City of Carrollton about any "appellate matter" other than mentioning a higher court was involved. Mr. Le Brocq, as a concerned citizen and taxpayer, wanted to address issues regarding Carrollton's corruption and attempts to defraud the taxpayers through its public servants that have lied to the Municipal Court in a blatant attempt to violate rights of those accused of Class C offenses in Carrollton.

38.     The letter also came as a surprise because Mr. Le Brocq requested to discuss the Mandamus case with Defendant Thomas P. Brandt. Because Carrollton's new policy now complies with *The Michael Morton Act,* the Mandamus issues appeared to be moot

39.     Further, after Mr. Le Brocq demanded a letter of representation on May 22, 2018 due to the confusing information he was provided, Mr. Le Brocq was not sent a letter of representation until May 24, 2018 when the same was filed in the CCA. Mr. Le Brocq was only aware that Defendant Thomas P. Brandt and his firm were handling one limited matter: the pending Mandamus proceeding involving the State of Texas and the Carrollton Municipal Judge—not Carrollton City Council or the City of Carrollton.

40.     Carrollton City Council has *absolutely nothing* to do with the Mandamus Petition in the CCA, but even if it did, Mr. Le Brocq never communicated regarding the merits of the Mandamus in his letter requesting to speak to City Council.

41.     Mr. Le Brocq has filed a motion in CCA to disqualify the law firm and Brandt from representing jointly, the Carrollton City Attorney's Office and the Carrollton Municipal Judge— a clear conflict of interest. The motion has not yet been ruled upon.

42.     The May 22, 2018 letter insinuating that Mr. Le Brocq would be reported to the State Bar of Texas for voicing his concerns with corruption in Carrollton and demanding that he "cease and desist" from contacting the City of Carrollton can only be viewed as one thing: an unconstitutional prior restraint on speech, wholly lacking in due process, and lodged in retaliation for Mr. Le Brocq's attempt to address issues of public concern with Carrollton City Council.

43.     Because Mr. Le Brocq has been threatened with being reported to the State Bar of Texas and received a demand to cease and desist from contacting the City of Carrollton, he has been silenced from exercising his First Amendment rights. Based on the broad language of the

letter by Defendants, Mr. Le Brocq cannot speak to anyone in the City of Carrollton—which potentially includes court staff, police officers, or anyone employed as an agent of the City.

44.     While Brandt and his law firm's letter references the pending matter in the CCA, it was in direct response to Mr. Le Brocq's communication to City Council that was *wholly unrelated* to the Mandamus. The former relates to whether or not the Court clearly erred in denying Mr. Le Brocq's motion regarding the State's unlawful withholding of discovery; the latter is to address the City Attorney's office's reputation and coverups. The letter was thus clearly done in an attempt to silence Mr. Le Brocq's First Amendment rights and nothing more.

45.     Since Mr. Le Brocq has filed his state lawsuit, he has been contacted by numerous attorneys regarding former experiences and their contacts with the City of Carrollton Attorney's Office and Municipal Court.  These attorneys were also lied to, had discovery withheld, and were resisted in their attempts to get the City to abide by the law and their oaths of office.

46.     Mr. Le Brocq was contacted by an attorney that dealt with the same issue years ago where, Judge Meredith Lyon (who is immune from this suit), refused to provide criminal discovery on a case and *argued on behalf of the State of Texas* citing that the City lacked the technology to provide the discovery. In that case, the City eventually produced the DVD, which upon information and belief, displayed misconduct of the Carrollton Police; the case was subsequently dismissed by the State.   This and other instances that have been brought to Mr. Le Brocq's attention make it clear of the unlawful scheme perpetrated by Carrollton, using the same false and misleading misrepresentations in an effort to deny the production of criminal discovery.

47.     Carrollton officials have engaged in widespread misconduct, and now that others are involved outside of the City of Carrollton, they are doing everything possible to systematically suppress evidence of their wrongdoings. This suit is to protect Mr. Le Brocq's First Amendment

Rights and his clients from future abuse of the public officials complained of herein. It is clear that Carrollton City Council would rather suppress the actions of their officials instead of seeking to address the blatant oppression in their justice system. It is also equally clear that many people have been defrauded by Defendants' actions over the years and, absent any external intervention outside of the City of Carrollton, justice will continue to be denied to those in the City of Carrollton.

## Causes of Action

### First Cause of Action: Violation of First Amendment Rights (42. U.S.C. §1983)

48.     Plaintiff fully incorporates by reference the preceding paragraphs as if fully set forth herein.

49.     Under color of state law and through a municipal policy or custom, the Defendants have deprived, and continue to deprive, Mr. Le Brocq of his right to freedom of expression, including through expressive conduct, his right to peacefully assemble, and his right to freely petition the government for redress of grievances under the First Amendment.

50.     Defendants' policy of banning Mr. Le Brocq from communicating with the City of Carrollton is a prior restraint on the exercise of these rights. The ban is not narrowly tailored to serve any compelling government interest, and it fails to leave open any alternative channels of communicating Plaintiff's messages.

51.     It was only after Mr. Le Brocq raised issues with lies and coverups within the City of Carrollton Municipal Court and City Attorney's Office that he was completely banned from communicating with the City.

52.     The selective use of this policy by the City demonstrates that the policy is not content-neutral. Rather, in application, the "policy" permits and encourages official discrimination

among speakers based on the content of their speech and does so without being narrowly tailored to advance a compelling government interest. Further, to the extent that Defendants assert the policy is in fact applied only to instances of particular types of conduct, such assertions are merely pretext for content discrimination against Plaintiff.

53.     Additionally, Defendants' policy of issuing cease and desist letters and threats for potential grievances to the State Bar of Texas, while banning communication with the City of Carrollton, is unconstitutionally overbroad and vague, and delegates to a wide range of city employees or private law firms acting on the City's behalf with effectively unrestrained discretionary authority to ban any individual from communicating to the city using e-mails, mail service, or any other method of communication merely because that individual's conduct is subjectively viewed by the city as unacceptable.

54.     As Plaintiff's experiences show, the City's cease and desist and threat to report to the State Bar of Texas policy sweeps within it an unreasonably broad range of protected First Amendment activity that, despite enjoying heightened protection under federal law, could nonetheless be subjectively viewed as unacceptable by city employees and agents lacking any further guidance on implementation of the policy.

55.     Further, the threat of being banned from communicating with the city imposes a significant chilling effect on any individual who wishes to exercise this First Amendment rights of free expression and assembly but reasonably fears significant interference with the ability to access and interface with city government should that individual run afoul of the vague prohibitions of the City's policy.

56.     The unconstitutional overbreadth and vagueness of the City's policy, coupled with its chilling effect on the First Amendment rights, renders the policy facially unconstitutional and invalid in all applications.


## Second Cause of Action: Official Retaliation in Violation of First Amendment Rights (42 U.S.C. § 1983)

57.     Plaintiff fully incorporates by reference the preceding paragraphs as if fully set forth herein.

58.     Defendants' actions to ban Mr. Le Brocq from communicating with the City constitute unlawful official retaliation against him for exercise of his First Amendment rights to free expression, peaceably assemble, and petitioning the government for the redress of grievances.

59.     The Defendants' unlawful retaliation has caused economic injury to Mr. Le Brocq and caused him to suffer mental pain and anguish.


## Third Cause of Action: Violation of Due Process (42 U.S.C. § 1983)

60.     Plaintiff fully incorporates by reference the preceding paragraphs as if fully set forth herein.

61.     Under color of state law and through *de facto* municipal policy, practice, or custom, Defendants have deprived and continue to deprive Mr. Le Brocq of his right to substantive due process of law under the Fourteenth Amendment.

62.     The Plaintiff possesses a fundamental liberty interest protected by the Due Process Clause in communicating with the City and entering and remaining at City buildings for the purposes of expressing protected speech or engaging in any of the myriad of governmental-individual interactions that regularly take place at City Hall and city offices.

63.     Mr. Le Brocq, likewise, has a fundamental liberty interest protected by the Due Process Clause in being in public places to communicate with the City and its officials.

64.     Defendants' banning of any and all communications between Mr. Le Brocq and the City, with threats of reporting him to the State Bar of Texas and potential civil action for voicing his concerns about lies and coverup within the City's justice system unconstitutionally infringes those protected fundamental liberty interests because it burdens those interests and is not narrowly tailored to advanced compelling governmental interest.

**Fourth Cause of Action: Violation of Due Process (42 U.S.C. § 1983)**

65.     Plaintiff fully incorporates by reference the preceding paragraphs as if fully set forth herein.

66.     Because Defendants gave Mr. Le Brocq no reasons for an indefinite ban from communicating with the city, after having requested to speak to the city about corruption within the City's justice system and have no standards for such a ban (other than apparently their whim), no hearing thereon, and no appeal therefrom, they denied him procedural due process of law and unconstitutionally deprived him of his First Amendment rights and deprived him of the ability to conduct business in the City for which his law firm handles hundreds of cases.

**Fifth Cause of Action: Fraud and Fraudulent Inducement
(As to Susan Keller & Mary Scanlon)**

67.     Plaintiff fully incorporates by reference the preceding paragraphs as if fully set forth herein.

68.     Pursuant to Texas state law, Mr. Le Brocq pleads a cause of action against Defendants Susan Keller ("Keller") and Mary Scanlon ("Scanlon") for fraud.

69.     Keller and Scanlon made numerous representations to Mr. Le Brocq and to the City of Carrollton Municipal Court, all of which were material representations pertaining to Mr. Le Brocq's obtaining criminal discovery files for his clients. Specifically, Keller and Scanlon falsely represented that the City of Carrollton lacked the technological ability to download video files from Carrollton Police Officers' dash and body video cameras from the City's computer to an external media drive.

70.     At the time Keller and Scanlon made these representations, Keller and Scanlon knew the representations were false or were made recklessly, as positive assertions and without knowledge of their truth.

71.     Keller and Scanlon made the representations with the intent that Mr. Le Brocq act and rely upon them.

72.     Mr. Le Brocq relied on the representations to his detriment and was unable to obtain the electronic duplicates of his clients' discovery files.

73.     Mr. Le Brocq has been injured by Keller and Scanlon's false representations.

74.     Mr. Le Brocq will further show that Keller and Scanlon's actions were undertaken with ill will, spite and evil motive. For these reasons, Mr. Le Brocq also seeks an award of exemplary damages.


### Sixth Cause of Action: Conspiracy and Fraudulent Concealment
### (As to Meredith Ladd, Susan Keller, and Mary Scanlon)

75.     Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

76.     Defendants Ladd, Keller, and Scanlon have acted in concert with each other in a pattern and practice to fraudulently withhold criminal discovery files of those accused in the City

of Carrollton by obstructing defense attorneys, such as Mr. Le Brocq, access to said discovery files.

77.     Upon information and belief, the Honorable Judge Meredith Lyon has knowledge of and is a part of the City's civil conspiracy, but due to judicial immunity, is not named in this suit as her actions are wholly protected by law.

78.     Defendants Ladd, Keller, and Scanlon entered into a civil conspiracy to act in concert, accompanied by a meeting of the minds regarding concerted action, the purposes of which were to suppress and minimize public knowledge of the rampant abuse and violation of Texas law regarding providing discovery to criminal defense attorneys like Mr. Le Brocq. This uniform position was designed to avoid any public attention to the actions of Carrollton Police officers, to intentionally violate *The Michael Morton Act,* and to systematically deny criminal defendants the right to a fair and impartial trial as guaranteed by the United States Constitution and Constitution of the State of Texas.

79.     Furthermore, after the scheme of Defendants Ladd, Keller, and Scanlon was exposed, the said Defendants have attempted to further conceal their wrongdoings by employing a private law firm to threaten, hide, and coverup evidence of their conspiracy. This includes threatening Mr. Le Brocq with grievances before the State Bar of Texas, cease and desist correspondence, along with frivolous invoices to obtain public records which would further show evidence of the coverups.

80.     This conspiracy to conceal is ongoing. Based on these actions, Mr. Le Brocq alleges that the Defendants are equitably estopped from asserting any defense of limitations.

81.     This ongoing conspiracy and concert of action was carried out by Defendants to fraudulently conceal the fact that Defendants have committed acts of negligence, gross negligence,

fraud, and other wrongful conduct as described herein, and have engaged in concerted action to commit acts of negligence, gross negligence, and fraud.

82.    In the absence of this conspiracy and concert of action, Mr. Le Brocq and other defense attorneys would have been able to access the electronic discovery files in possession of the City of Carrollton and would have been able to make professional legal opinions based upon all (not just some) of the evidence, held by the State.

83.    Unfortunately, due to the years for which this conspiracy has lasted, there is no specific number regarding the amount of defense attorneys and criminal defendants that have been aggrieved by the co-conspirators.

84.    Defendants knew that the City of Carrollton possessed the ability to download files and provide electronic duplicates for years; however, instead of providing same, Defendants have acted in concert to seek to suppress this information in hopes that defense attorneys would not challenge Defendants beyond the steps of the City of Carrollton municipal court.

85.    Defendants have done this in the past and are aware of their unlawful conduct and deprivation of rights to the criminally accused in the City of Carrollton.

86.    Mr. Le Brocq has suffered damages as a result of Defendants' unlawful conspiracy and so have countless others relying upon the false representations made by the City's public servants.

**Declaratory Relief**

87.    Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

88.    Mr. Le Brocq seeks a declaratory relief that Defendants violated his rights under the First and Fourteenth Amendments, as described above.

89.     Defendants have deprived Plaintiff of his Federal Constitutional rights to freedom of expression and due process of law, to peaceably assemble, and to petition the government for redress of grievances, and thus, causing irreparable harm to Plaintiff. Through continued enforcement of their policy respecting issuance of cease and desist letters and threats to file grievances, the Defendants threaten further violations of those same rights.

90.     Therefore, Mr. Le Brocq is entitled to a declaration pursuant to 28 U.S.C. § 2201 that his rights arising under the United States Constitution have been violated by the Defendants' actions and that the City's policy is facially unconstitutional and as applied to him.

**Damages**

91.     Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

92.     Pursuant to 42 U.S.C. § 1983, Mr. Le Brocq seeks from damages the Defendants as allowed by law for the deprivation of his constitutional rights and retaliation against him for the exercise of his First Amendment rights.

93.     Mr. Le Brocq seeks such damages against Defendants, jointly and severally, for the injuries that he has suffered at their hands. Because of the willful, wanton, and malicious nature of the conduct of Defendants, in utter disregard for his rights, Mr. Le Brocq claims actual damages, jointly and severally, and punitive damages against each of them in their individual capacities.

**Injunctive Relief**

94.     Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

95.     Defendants continue to deprive Mr. Le Brocq of his federal constitutional rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment, causing him irreparable harm and threatening additional, immediately impending irreparable injuries.

96.     Defendants continue to maintain their *de facto* policy, practice, and custom of banning Mr. Le Brocq from communicating with the City in violation of 42 U.S.C. § 1983. Thus, Plaintiff is entitled to an injunction preventing Defendants and their agents, employees, and any other persons or entitles acting on their behalf from further enforcement of the banning order complained of herein.

97.     Mr. Le Brocq continues to be deprived of his federal constitutional rights under the First and Fourteenth Amendments as a result of Defendants' acts in retaliation against his exercise of his constitutional rights, thereby suffering irreparable harm.

98.     Based on his planned future exercise of his constitutional rights and the Defendants' past practice of retaliation in violation of 42 U.S.C. § 1983 provides Mr. Le Brocq with a reasonable basis to fear additional retaliatory acts by Defendants.

99.     Mr. Le Brocq is entitled to an injunction preventing Defendants and their agents, employees, and any other persons or entities acting on their behalf from engaging in any retaliatory acts against him based on his past, present, or future exercise of rights protected under the First and Fourteenth Amendments or based on the filing or prosecution of this or any other suits seeking to enforce his rights.

## No Qualified Immunity

100.   Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein.

101.   Because the law surrounding the First and Fourteenth Amendments under which this suit is brought has long been well-settled in the context of the facts alleged herein, the Defendants are not entitled to claim qualified or good faith immunity.


### Attorneys' Fees

102.   Mr. Le Brocq seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other statutory authority which may allow such fees.


### Request for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Stephen Kenji Le Brocq respectfully prays that this Court:

   a.   Enter declaratory judgment that, acting under color of law and with authority, Defendants intentionally, and with complete and deliberate indifference to Mr. Le Brocq's First and Fourteenth Amendment rights, deprived him of those rights;

   b.   Enter temporary and permanent injunctions against Defendants, enjoining them from further banning Mr. Le Brocq from communicating with the city as described herein, and from retaliating against Plaintiff in the future for the past, present, or future exercise of his First and Fourteenth Amendment rights or for prosecuting this action to enforce his rights;

   c.   Award actual damages to Mr. Le Brocq, against all Defendants, jointly and severally, together with pre-judgment and post-judgment interest;

d.  Enter judgment for punitive damages against Defendant Tom P. Brandt, individually, to punish him for his clearly unconstitutional misconduct and in an amount sufficient to deter him and others from engaging in similar misconduct in the future;

e.  Order Defendants to pay the Plaintiff's attorneys' fees and costs; and,

f.  Grant all other and additional relief to which Mr. Le Brocq may be entitled, at law or in equity.

### DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes same to be true.

Executed on the 4ᵗʰ day of June 2018 in the State of Texas, United States of America.

/s/ Stephen Le Brocq

Dated: June 4, 2018

JURY DEMANDED

Respectfully submitted,

**LE BROCQ LAW FIRM PLLC**

/s/ Stephen Le Brocq
Stephen Le Brocq
Texas SBN: 24094791
E: stephen@lebrocqlawgroup.com

Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
Phone: (469) 930-4385
Fax: (866) 820-6005
Email: SERVICE@lebrocqlawgroup.com

*Attorneys for Plaintiff*