UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN KENJI LE BROCQ | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | No. 3:18-cv-01423-S |
| THE CITY OF CARROLLTON, TEXAS; | § | |
| FANNING HARPER MARTINSON BRANDT | § | |
| & KUTCHIN, P.C; a Texas Professional | § | |
| Corporation and THOMAS P. BRANDT, | § | |
| Individually; MERIDETH LADD; | § | |
| SUSAN KELLER; and MARY SCANLON | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S CONTESTED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Stephen Kenji Le Brocq respectfully moves for the entry of a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, enjoining the Defendants and any of their officials, employees, or agents from enforcing, until further ruling by the Court, their letter threatening Mr. Le Brocq to be reported to the State Bar of Texas, including therein the "cease and desist" demand at issue in this litigation, or otherwise barring Mr. Le Brocq from entering, remaining at, or returning to publicly accessible City premises. Mr. Le Brocq further requests the City and their attorneys to refrain from harassing, threatening, or intimidating Mr. Le Brocq, including most recently—less than two weeks ago—when Carrollton Police were strangely parked in front of Mr. Le Brocq's home for no apparent reason whatsoever and for which the Police gave no concrete reason for same.

Unless the Court grants a preliminary injunction, Mr. Le Brocq will suffer immediate, imminent, and irreparable injury to his fundamental constitutional rights under the First

Amendment to the U.S. Constitution, and probable significant business-related damages, the amount of which would be extremely difficult to calculate at a later date.

Plaintiff incorporates by reference all facts averred in his Complaint and all facts alleged in his sworn Declaration attached to this motion.

Plaintiff also incorporates by reference the legal arguments made in his Brief in Support of this Motion for Temporary Injunction. As those arguments demonstrate, Plaintiff has satisfied all requirements for granting preliminary injunctive relief and is entitled thereto.

Plaintiff requests that the bond required by Rule 65(c) be set at a nominal amount not to exceed $10.00, as the imposition of a preliminary injunction will impose no financial burden on the Defendants.

Plaintiff respectfully requests that this Court issue the proposed preliminary injunction and any and all other relief deemed just and advisable.

Date: July 6, 2018

Respectfully submitted,

**LE BROCQ LAW FIRM PLLC**

/s/ Stephen Le Brocq
Stephen Le Brocq
Texas SBN: 24094791
E: stephen@lebrocqlawgroup.com

Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
Phone: (469) 930-4385
Fax: (866) 820-6005
Email: SERVICE@lebrocqlawgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1, I certify that on July 6, 2018, I conferred with Darrell Noga, attorney for Thomas Brandt and the City Defendants in this case. Mr. Noga indicated that he is opposed to the motion. Furthermore, by way of e-mail on July 6, 2018, I communicated with attorney Laura O'Leary, on behalf of Fanning Harper Martinson Brandt & Kutchin, P.C. and was informed that she opposes the motion.

## CERTIFICATE OF SERVICE

I certify that on July 6, 2018, I electronically submitted the foregoing document for filing with the United States District Court for the Northern District of Texas using the electronic case filing system of the Court, and that all counsel of record will be provided a "Notice of Electronic Filing" and access to this document.

/s/ Stephen Le Brocq