# TEXAS COURT OF CRIMINAL APPEALS

---

## *IN RE GONZALO ROBLES CESENA, RELATOR*

---

**On Mandamus from the Carrollton Municipal Court
Carrollton, Texas, Dallas County
Trial Court Case Nos. 00475441, 00475442**

---

## MOTION FOR LEAVE OF COURT TO FILE

## PETITION FOR WRIT OF MANDAMUS, WRIT OF PROHIBITION, AND REQUEST FOR EMERGENCY RELIEF

---

Stephen Le Brocq
Le Brocq Law Firm PLLC
Texas SBN: 24094791
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
P: (469) 930-4385
F: (866) 820-6005
E: stephen@lebrocqlawgroup.com

*Attorney for Relator*

EXHIBIT
7

**To the Honorable Justice of the Texas Court of Criminal Appeals:**

Relator Gonzalo Robles Cesna files this motion for leave of court to grant him leave to file this petition for writ of mandamus and prohibition:

1.     This motion is filed under Tex. Rule App. Procedure. 72.1 (2018), which requires a motion for leave filed with a petition for writ of mandamus and prohibition.

2.     Attached is the petition for writ of mandamus and writ of prohibition, which is incorporated into this motion by reference as though recited verbatim.

3.     The Respondent judge in the City of Carrollton Municipal Court has allowed, and continues to allow, the State of Texas to violate Relator's and other defendants' right to electronically duplicate the State's video discovery files in violation of Article 39.14 of the Texas Code of Criminal Procedure, also known as "The Michael Morton Act."

4.     Instead of requiring the State to permit the electronic duplication of the State's files, as *Michael Morton* demands, the Respondent allows the State to force criminal defense attorneys to set an appointment to view the video in the presence of the State. Defense lawyers have the only option of using their smartphone or another recording device to record a computer monitor or projector screen in open court, to make a video of the State's video.

5.     Making a video of a video is not the same thing as obtaining an electronic duplicate of the video. A duplicate is a replica which would contain the Metadata from the State's videos files, which are downloaded from the law enforcement officers' recording devices.

6.     Defense Counsel has offered to provide the State with media devices so the State does not bear the expense, but the State believes that any such device could potentially compromise their computer network. Defense counsel then offered to provide brand new media devices in unopened packaging. The State did not respond to the request and continues in their refusal.

7.     After being invited to by the State, Relator sought court intervention, but Respondent agrees with the State in that it does not need to provide electronic duplicates of the State's discovery files, but rather, that the defense should accommodate the State and make a recording of their recordings. This was a clear abuse of discretion and/or violation of a duty by law for which Relator has no clear and adequate remedy at law.

8.     After the enactment of *Michael Morton*, an "open file" policy was essentially created which allows defense attorneys to inspect **and** photograph **and** make electronic duplicates of the State's discovery files. *See* Tex. Code Crim. Pro. Art. 39.14(a) (2018). The legislature did not afford any discretion to the State or trial courts to pick and choose which provisions of *Michael Morton* to comply with.

9.     The State made it clear that their policy is to not allow any electronic duplication of their video files. This creates of host of issues. This policy prevents Metadata from the video files from being obtained and prevents defense attorneys from being able to review the discovery with their clients in order to properly counsel them and/or develop trial strategy.

10.     This has been the policy in the City of Carrollton Municipal Court for years, and consequently, the rights of countless defendants have been and will continue to be violated because of the State's refusal and the Respondent's countenance of the State's refusal to follow *Michael Morton*'s electronic duplication mandate.

11.     This Court has authority to issue writs of mandamus in criminal-law matters under Tex. Const Art. 5 § 5 and Tex. Code Crim. Proc. Art. 4.04 § 1 (2018). The authority of this Court to issue writs of mandamus extends to all criminal law matters and is **not** restricted solely to orders necessary to protect this Court's jurisdiction or to enforce its judgments. *Durrough v. State*, 620 S.W.2d 134, 144 (Tex. Crim. App. 1981).

12.     However, a court of appeals may **not** entertain a mandamus from a municipal court. Under Tex. Const. Art. 5 § 6, the court of appeals have the power to issue a writ of mandamus to enforce its jurisdiction. *See Abdnor v. Ovard*, 635 S.W. 2d 864, 867 (Tex. App. Dallas 1982), *affirmed*, 653 S.W.2d 793 (Tex. Crim.

4

App. 1983). *Powell v. Hocker,* 516 S.W.3d 488, 2017 Tex Crim. App. LEXIS 374 (Tex. Crim. App. 2017). As this Court recently held in *Powell,* Tex. Const. Art. 5 § 6(a) defines the appellate jurisdiction of the courts of appeals, including "…other jurisdiction, original and appellate, as may be prescribed by law." Powell, id. at *4. The Texas Constitution leaves it to the Legislature to "prescribe" the original jurisdiction of the courts of appeals, including jurisdiction over mandamus matters. *Id.*

13.     Tex. Gov. Code § 22.221(b) (2017) reflects the Legislature's granting of original jurisdiction to the courts of appeals in mandamus matters: "Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a: (1) judge of a district or county court in the court of appeals district; or (2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district. However, courts of appeal have no mandamus authority over lower courts other than district or county courts. *See Powell* (Courts of appeal have no mandamus authority against county courts at law) and *State ex rel. Holmes v. Salinas*, 774 S.W.2d 421, 422-423 (Tex. App. Houston [14th Dist.] 1989, orig. proceeding) (Court of appeals does not have jurisdiction under Tex. Gov. Code § 22.221(b) to issue mandamus against magistrate even though the person acting as a magistrate was a district judge).

14.     Thus, Relator cannot first present this petition to the court of appeals as required by this Court under *Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (en banc) (When a court of appeals and the TCCA have concurrent, original jurisdiction of a petition for a writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so.)

### Prayer

As detailed in the attached petition, Relator asks this Court to grant leave, grant Relator's petition, and make it clear to the City of Carrollton Municipal Court and the City of Carrollton City Attorney's Office that it must follow *Michael Morton* and that the State cannot maintain a policy that prevents defense counsels from obtaining electronic duplicates of their client's files. In addition to violating *Michael Morton* by preventing the electronic duplication of video files, the State is causing an undue burden on defense counsels and significantly impeding the fair administration of justice.

Respectfully submitted,

**LE BROCQ LAW FIRM PLLC**

/s/ Stephen Le Brocq
Stephen Le Brocq
Texas State Bar No. 24094791
Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
P: (69) 930-4385
F: (866) 820-6005
E: stephen@lebrocqlawgroup.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on April 23, 2018, a copy of this document and all attachments thereto, were served upon:

**Respondent:** The Honorable Judge Meredith Lyon, Presiding Judge of Carrollton Municipal Court, 2001 E. Jackson Road, Carrollton, Texas 75006 via first class mail and to: legaldocuments@cityofcarrollton.com via Texas E-Service.

**Real Party in Interest:** City of Carrollton, City Attorney, Meredith Ladd, 2001 E. Jackson Road, Carrollton, Texas 75006 via first class mail and via e-mail to: Meredith.Ladd@cityofcarrollton.com via Texas E-Service.

Mary Scanlon, Assistant City Attorney for the City of Carrollton, e-mail to: Mary.Scanlon@cityofcarrollton.com via Texas E-Service.

Susan Keller, Assistant City Attorney for the City of Carrollton, e-mail to: Susan.Keller@cityofcarrollton.com  via Texas E-Service.

/s/ Stephen Le Brocq
Stephen Le Brocq

# TEXAS COURT OF CRIMINAL APPEALS

---

## *IN RE GONZALO ROBLES CESENA, RELATOR*

---

### On Mandamus from the Carrollton Municipal Court
### Carrollton, Texas, Dallas County
### Trial Court Case Nos. 00475441, 00475442

---

## PETITION FOR WRIT OF MANDAMUS, WRIT OF PROHIBITION, AND REQUEST FOR EMERGENCY RELIEF

---

Stephen Le Brocq
Le Brocq Law Firm PLLC
Texas SBN: 24094791
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
P: (469) 930-4385
F: (866) 820-6005
E: stephen@lebrocqlawgroup.com

*Attorney for Relator*

## IDENTITY OF PARTIES, COUNSEL, AND JUDGE

RELATOR:                                    Gonzalo Robles Cesena

DEFENSE COUNSEL AT TRIAL
AND COUNSEL FOR RELATOR ON
MANDAMUS:                                   Stephen Le Brocq
                                            Le Brocq Law Firm PLLC
                                            2150 North Josey Lane, Suite 227
                                            Carrollton, Texas 75006


ATTORNEYS FOR                               Meredith Lad, City Attorney
STATE OF TEXAS                              Susan Keller, Assistant City Attorney
                                            Mary Scanlon, Assistant City Attorney

                                            2001 East Jackson Road
                                            Carrollton, Texas 75006


RESPONDENT
APPOINTED PRESIDING JUDGE                   The Honorable Meredith Lyon
OF THE CITY OF CARRROLLTON                  City of Carrollton Municipal Court
MUNICIPAL COURT                             2001 East Jackson Road
                                            Carrollton, Texas 75006

2

# TABLE OF CONTENTS

IDENTITY OF PARTIES, COUNSEL, AND JUDGE ...................................... 2

TABLE OF CONTENTS ................................................................... 3

TABLE OF AUTHORITIES ............................................................... 4

APPENDIX INDEX ....................................................................... 5

INTRODUCTION ......................................................................... 6

STATEMENT OF THE CASE ............................................................. 9

STATEMENT OF JURISDICTION ...................................................... 10

ISSUES PRESENTED .................................................................... 11

STATEMENT OF FACTS ................................................................ 12

SUMMARY OF THE ARGUMENT ...................................................... 14

ARGUMENT AND AUTHORITIES .................................................... 15

    I.   Mandamus is Appropriate Because Respondent Erred in Denying
Relator's Motion, thereby Allowing the City of Carrollton City Attorney's
Office to Violate Article 39.14 of the Texas Code of Criminal Procedure's
Electronic Duplication of Discovery Mandate. ............................................ 21
      A.  Mandamus Relief is Appropriate ................................................ 21
      B.  Relator Has No Adequate Remedy at Law and Any Remedy that
Exists by Direct Appeal is Inadequate. .............................................. 22
      C.  A Writ of Prohibition is Also Appropriate Because Respondent Has
No Discretion to Allow the State to Violate Its Discovery Duties. ............. 23
      D.  Emergency Relief is Necessary to Prevent Respondent from Denying
Defense Counsel in the City of Carrollton Municipal Court from
Obtaining Electronic Duplicates of Their Clients' Discovery Files that
They Are Expressly Permitted To Obtain Under *Michael Morton*. ........... 24

PRAYER .................................................................................. 25

CERTIFICATE OF SERVICE ........................................................... 26

CERTIFICATE OF COMPLIANCE WITH TEX. RULE APP. PROC 9.4 .. 26

RULE 52.3(j) CERTIFICATION ....................................................... 27

RULE 52.10(a) CERTIFICATION ..................................................... 27

# TABLE OF AUTHORITIES

## CASES

*Aguilar v. Immigration & Customs Enf't Div. of U.S. Dep't of Homeland Sec.,* 255 F.R.D. 350 (S.D.N.Y. 2008) ............................................................. 15

*Boykin v. State,* 818 S.W.2d 782 (Tex. Crim. App. 1991) ..................................... 14

*Cantu v. Sample*, 581 S.W.2d 195 (Tex. Civ. App. – San Antonio 1979, no writ) .. 8

*Grimm v. Garner,* 589 S.W.2d 955 (Tex. 1979) ..................................................... 8

*In re Amos,* 397 S.W.3d 309 (Tex. Civ. App. – Dallas 2013, no writ) ................. 19

*In re Bonilla,* 424 S.W.3d 528 (Tex. Crim. App. 2014)) ..................................... 17

*In re McCann,* 422 S.W.3d 701 (Tex.Crim.App.2013) ......................................... 17

*In re Medina,* 475 S.W.3d 291 (Tex. Crim. App. 2015) ................................. 17, 19

*Ramos v. State,* 303 S.W.3d 302 (Tex. Crim. App. 2009) .................................... 13

*Smith v. Flack,* 728 S.W.2d 784 (Tex. Crim. App. 1987) .............................. 17, 18

*State ex rel. Wade v. Mays,* 689 S.W.2d 893 (Tex. Crim. App. 1985) ................. 19

*Stearns v. Clinton,* 780 S.W.2d 216 (Tex. Crim. App. 1989) ............................... 18

*Thorne v. Moore,* 105 S.W. 985 (1907) .................................................................. 8

*U.S. ex rel. Carter v. Bridgepoint Educ., Inc.,* 305 F.R.D. 225 (S.D. Cal. 2015) ... 15

## STATUTES

Texas Government Code § 22.221 ........................................................................... 8

Texas Code of Criminal Procedure article 39.14 ......................................... passim

## OTHER AUTHORITIES

*Duplicate Definition,* MERRIAM-WEBSTER.COM ........................................... 13

*Video Definition,* MERRIAM-WEBSTER.COM ................................................. 14

## CONSTITUTIONAL PROVISIONS

Tex. Const. Art. V, § 8 ........................................................................................... 8

**APPENDIX INDEX**

- Certified Copy of Defendant's Motion to Compel Discovery & For Extraordinary Relief (App.001-26)

- Certified Copy of Order on Defendant's Motion to Compel Discovery & For Extraordinary Relief (App.0027)

- Certified Copy of Relator's Request for Findings of Fact and Conclusions of Law (App.0028)

- Certified Copy of Order of Findings of Fact and Conclusions of Law (App. 0029-31)

- Text of Tex. Code Crim. Proc. Art. 39.14 (2018) (App.0032-34)

## INTRODUCTION

This petition for writ of mandamus asks this Honorable Court to issue writs of mandamus and prohibition, and requests emergency relief against The Honorable Judge Meredith Lyon, Respondent, presiding judge of the City of Carrollton Municipal Court, over discovery issues surrounding Relator's two pending traffic citations. Respondent is allowing the State to violate criminal defendants' right to electronic duplicates of their discovery as provided by law. Emergency relief has been requested. Relator seeks a stay of his current cases in the Carrollton Municipal Court pending resolution of Relator's petition.

As done on a daily basis by criminal defense lawyers throughout this State, Relator's defense counsel propounded a discovery request to the State of Texas pursuant to the Texas Code of Criminal Procedure article 39.14 ("*Michael Morton*") on March 1, 2018. (App.0010). The request was for video footage concerning the traffic stop of Relator (*Id.*). In response to the discovery request, the State wholly refused to allow electronic duplication of the media footage and required defense counsel to schedule an appointment to view the subject footage in open court. (App.0011). Defense Counsel responded that he was not available for any of the allotted date/time slots and notwithstanding same, that *Michael Morton* requires the State to comply with the timely request. (App.0012).

The State erroneously believes that it does not have to provide electronic duplicates and expressed insincere concerns with introducing a media drive from an "unknown source" into the City's computers. (App.0018). To address the State's purported concern, Defense Counsel informed the State that he would provide a brand-new, unopened DVD or flash drive. (App.0019). The State did not respond to Defense Counsel's proposed solutions for the State's "concern", but, instead, continued to willfully obstruct Defense Counsel's statutory right to electronic duplication of his client's video discovery files. The State advised it was the City of Carrollton Attorney's Office "policy" and it could not make exceptions. (App.0020). The State welcomed defense counsel to file a motion to address the issues and one was subsequently filed, with all e-mails attached showing Defense Counsel's various attempts at obtaining discovery. (App.0001-0026).

During the hearing on the motion, the State misrepresented facts to the Court to support its indefensible position. Namely, that the State lacks the technological ability to download copies of their police dash-camera and body-camera videos to a DVD or media drive (App.0030). The Court denied Defendant/Relator's motion and found that under 39.14, "electronic duplication" "could also mean a video made of the video." (App.0031). The Court further noted that there "is nothing preventing Mr. Le Brocq from making his own recording of the video with a smart phone or other video recording device and downloading that copy to a DVD or jump drive on

his own." (*Id.*). Because *Michael Morton*'s plain-language requires the State to produce and permit the inspection **and** electronic duplication of the State's discovery, the Court wholly abused its discretion by denying Relator's motion.

Moreover, Respondent's actions make it clear that the City Attorney's Office for the City of Carrollton will be allowed to continue to violate defendants' rights by not allowing defense counsels to obtain the electronic duplicates of discovery they are entitled to. This affects potentially thousands of criminal defendants. A writ of prohibition is proper to prevent Respondent from continuing to act with respect to Relator's cases and emergency relief is necessary to stay any imminent action by Respondent.

## STATEMENT OF THE CASE

*Nature of the case:*      This is an original proceeding seeking writs of mandamus and prohibition prohibiting Respondent from allowing the State to continue to violate *Michael Morton* and requiring the Court to allow defense counsel to obtain electronic duplicates of the State's discovery files.

*Trial court:*      The City of Carrollton Municipal Court, Honorable Judge Meredith Lyon presiding.

*Course of proceedings:*      Relator filed his motion to compel discovery and for extraordinary relief on March 6, 2018 (App.001-0031). The State did not respond to the motion. Arguments were heard on the motion on March 15, 2018. The Court wholly denied the motion. (App.0027). Defense counsel timely sent a request for findings of fact and conclusions of law to the Court on March 15, 2018 (App.0028) and the same were made on March 19, 2018. (App.0029-0031).

*Trial court's disposition:*      The trial court wholly denied the motion and Relator's cases are set for final pre-trial on May 11, 2018 at 7:30am.

## STATEMENT OF JURISDICTION

The Texas Court of Criminal Appeals has authority to issue writs of mandamus in criminal-law matters under Tex. Const. Art. 5 § 5 and Tex. Code Crim. Proc. Art. 4.04 § 1 (2018). The authority of this Court to issue writs of mandamus extends to all criminal law matters and is **not** restricted solely to orders necessary to protect this Court's jurisdiction or to enforce its judgments. *Durrough v. State,* 620 S.W.2d 134, 144 (Tex. Crim. App. 1981).

## ISSUES PRESENTED

1.      Can Respondent allow the City of Carrollton City Attorney's Office prosecutors representing the State of Texas to circumvent their discovery duties under *Michael Morton* – which expressly requires the state to produce and permit the inspection **and** electronic duplication of its files—by requiring defense attorneys to use their own personal recording devices to make a new video of the state's videos, thereby obstructing access to the State's electronic files?

2.      Is "electronic duplication" under *Michael Morton* satisfied where defense counsels are not permitted to obtain electronic duplicates of the videos in possession and control by the State, thereby eliminating the opportunity to capture the Metadata on the video files to determine authenticity?

3.      If not, will writs of mandamus and prohibition issue to prohibit the court from allowing prosecutors of the State of Texas to violate *Michael Morton's* express provisions pertaining to electronic duplicates of files and require the City of Carrollton City Attorney's Office to amend their policies regarding same?

## STATEMENT OF FACTS

This original action arises from the actions of the City of Carrollton prosecutors representing the State of Texas, in accordance with their longstanding policy, denying Relator—and all other similarly situated defendants—the ability for their defense counsels to obtain electronic duplicates of their video discovery files in violation of the plain-language of *Michael Morton*, and Respondent's denial of Relator's motion to compel the City of Carrollton prosecutors to adhere to article 39.14's requirements. The relevant sequence of events is as follows:

| | |
|---|---|
| March 1, 2018 | Relator's attorneys propound a 39.14 discovery request to the State requesting video footage for Relator's cases which resulted in 2 traffic citations. (App.0010). |
| March 2, 2018 | The State responded that it did not have to provide copy of videos and provided dates and times for an in-court inspection/photographing of the video. (App.0011). |
| March 2, 2018 | Defense counsel responded that his schedule did not comport with the State's proposed viewing dates/times and that he was entitled to electronic duplicates under *Michael Morton*. Defense counsel further offered to provide a DVD or flash drive for the media. (App.0012). |
| March 5, 2018 | The State continued to object to the electronic duplication request and expressed concerns with using a media device from an "unknown source" to the city's computer network. (App.0018). |
| March 5, 2018 | Defense counsel explained his busy schedule to the State and that if the State was so concerned about potential intrusions from a media device provided by an officer of the Court, that he would provide a brand-new, unopened DVD or flash drive. (App.0019). |

| | |
|---|---|
| March 5, 2018 | The State did not respond to the suggestion defense counsel made about the State's purported concerns about computer network security. Instead, it apologized to defense counsel and repeated that it is the policy of the City Attorney's Office. (App.0020). |
| March 6, 2018 | Defense counsel made a final attempt to avoid court intervention, but same was futile and the State urged defense counsel to file a motion in court. (App.0021). |
| March 6, 2018 | Defense counsel filed Defendant's Motion to Compel Discovery & For Extraordinary Relief on March 6, 2018. (App.0001-0026). |

Defense Counsel for Relator argued at the hearing on the motion on March 15, 2018. Many of the same arguments repeated in his e-mails to the State and in his very detailed motion were presented. The Court listened to the arguments and denied the motion in its entirety. (App.0027). Relator immediately filed a request for Findings of Fact and Conclusions of Law. (App.0028). The Court produced same on March 19, 2018 (App.0029-31) and this Petition for Writ of Mandamus followed.

## SUMMARY OF THE ARGUMENT

Writs of mandamus and prohibition are proper because Respondent has no discretion to allow the State to violate their obligation under Texas Code of Criminal Procedure Article 39.14 to allow Defense Counsel the ability to obtain electronic duplicates of Relator's video discovery files. Respondent's suggestions that Defense Counsel could use a smart phone to record a video of the State's video—*instead of* requiring the State to permit the statutorily required electronic duplicates of the files—is contrary to law.

## ARGUMENT AND AUTHORITIES

On May 16, 2013, Article 39.14 of the Texas Code of Criminal Procedure was codified into law as the *Michael Morton Act.* It states in relevant part: "as soon as practicable after receiving a timely request from the defendant the state **shall produce and permit the inspection and the electronic duplication, copying, and photographing**. . . [the discovery file] in the possession, custody, or control of the state or any person under contract with the state." (Emphasis added). Tex. Code Crim. Proc. Ann. art. 39.14(a). (App.0032-0034).

With this language, the legislature afforded *zero discretion* to a prosecutor in complying with the mandates prescribed above. In fact, the law requires a prosecutor to permit inspection **and** electronic duplication **and** copying **and** photographing. Prior to the codification of *Michael Morton*, the conjunction "or" was used in place of "and," and electronic duplication was not a requirement of the State. (Tex. S.B. 1611, 83rd Leg., R.S. (2013)). However, in the City of Carrollton Municipal Court, electronic duplication is *not an available option* to criminal defense lawyers. Rather, it is the policy of the City of Carrollton Attorney's Office, and Respondent, the presiding judge over the Carrollton Municipal Court, that criminal defense lawyers are only entitled to a viewing of the discovery in open court, where they are allowed to bring a camcorder or smart phone to create their own video, but only after scheduling an appointment. (App.0031).

"Duplicate" means "consisting of or existing in two corresponding or identical parts or examples." *Duplicate Definition,* MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/duplicate (last visited March 6, 2018). There is no statutory definition of "electronic duplicate". When determining the fair, objective meaning of an undefined statutory term, the Court may consult dictionaries. *Ramos v. State,* 303 S.W. 3d 302, 306 (Tex. Crim. App. 2009).

The Court did not consult with a dictionary; instead, it surmised as follows:

"'[E]lectronic duplication', in the plain language meaning of the term **could mean** more than simply providing a physical copy of a video on a DVD or jump drive. 'Electronic duplication' **could also mean** <u>a video made of a video</u>. In other words, there is nothing preventing Mr. Le Brocq from making <u>his own recording of the video</u> with a smart phone or other video recording device and downloading that copy to a DVD or jump drive on his own." (Emphasis added). (App. 0031).

"A court construes a statute according to its plain meaning without considering the extratextual factors unless the statutory language is ambiguous or imposing the plain meaning would cause an abused result." *Boykin v. State,* 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). It is unclear why the Court chose to deviate from the well-established textbook definition of duplication and invent its own definitions. There is nothing ambiguous or confusing about the word "duplicate."

Contrary to the court's unsupported conclusion, making a video of a video is not the same thing as duplicating the video. A video is "a digital recording of an

image or set of images". *Video Definition,* MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/video (last visited April 21, 2018). If Defense Counsel used his "smart phone"—as Respondent suggests—an entirely new video would be created. In fact, Defense Counsel's video would be a video of the courtroom's computer monitor or projector playing a video.[1] Whereas a duplicate— as contemplated under *Michael Morton*—would be a replica of the video file downloaded from the officers' vehicles or body cameras— would be entirely different files with different images within the video, different Metadata, etc....

The original video source files maintained by the State—the files in which Defense Counsel is entitled to electronically duplicate—contain Metadata. Metadata, "colloquially known as 'data about data', encompasses the structural information of a file that contains data about it as opposed to describing its actual substantive content. Often hidden and embedded within the original file, metadata does not normally appear on a printed page." *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.,* 305 F.R.D. 225, 228 (S.D. Cal. 2015); *see also Aguilar v. Immigration & Customs Enf't Div. of U.S. Dep't of Homeland Sec.,* 255 F.R.D. 350, 354-55 (S.D.N.Y. 2008).

---

[1] In the City of Carrollton Municipal Court, defense attorneys – on their appointment day—must wait until the docket concludes, whereupon, the prosecutor will play the requested videos on the court's projector. While the video is playing, criminal defense attorneys must hold their smart phone, such as an iPhone, or other recording device to the court's projector. The Court is still open to the public at this time and attorneys and court staff walk in-and-out of the courtroom. The videos range from minutes to hours in length. The date/time slots for this inspection are limited.

Accordingly, obtaining electronic duplicates of the video files, rather than making a completely new, different video, is important because, with regard to the former, Defense Counsel would be able to forensically examine the video file for matters such as authenticity, should it be in question. The latter suggested by the State and Respondent prevents Defense Counsel from ascertaining critical details, such as when the video source file was created, when it was downloaded from the officers' recording devices, when it was uploaded to the State's computer systems, and if the files were altered, by whom and when.

There is a treasure trove of data on the video files in the State's possession that Defense Counsel is entitled to receive. Recording a video using an iPhone would have entirely different Metadata. The Metadata would include when the defense lawyer created the video on their cell phone. Information captured by WatchGuard (the software controlling the officer's recording devices) would also be lost. Information such as the location of the vehicle, speed of the vehicle, whether lights and sirens are active, etc… would not be captured by making a new recording. This data embedded with the video would remain within the sole custody of the State.

As Respondent states in her Findings of Fact and Conclusions of Law, "[Defense counsel] has offered to provide a new DVD or new jump drive in order to obtain a copy of the video." (App.0029). At that point, it was the on the onus of the State to permit Defense Counsel the ability to obtain the electronic duplicates

requested. However, Respondent found that because Defense Counsel did not accommodate the State's viewing schedule, that the State did not violate *Michael Morton*, stating in relevant part:

> "The State made multiple suggestions of available dates on which [Defense counsel] could **appear to view the video** that exists in these cases. [Defense counsel] seemed to summarily dismiss each of the State's suggested dates, instead demanding a physical copy of the video either in DVD or jump drive format. [Defense counsel] did not appear to provide any **"counteroffer"** of dates/times that might be more amenable to him to **appear and view the video in the presence of the State**. (emphasis added). (App.0030).

Defense counsel made it clear to the State and to Respondent that he requested electronic duplicates of the videos; he did not want to—nor is he required to – set a "viewing schedule" with the State to inspect the video data files.

Defense Counsel should not, and does not, have to make a "counteroffer" of when he can "appear and view the video in the presence of the State" because he is not requesting to inspect evidence. Furthermore, requiring defense attorneys to review evidence in the courtroom in the presence of the prosecution could cause defense attorneys to reveal possible trial strategy, and prevents them from being able to review the evidence with their clients. A defendant should not be required to sit in a courtroom with his attorney and explain why he feels the evidence exculpates him in the presence of the State. A defendant, although not entitled to copies of the discovery, is entitled to review it with his attorney in private.

It is worth noting that Defense Counsel told the State that he was not available on the requested dates and times as he has hundreds of cases in multiple states. (App.0019). Defense counsel did however inform the State that he would drop-off a media device. (App.0012).

Moreover, *Michael Morton* distinguishes the availability of "electronic duplicates". The provision of Article 39.14 applicable to defense attorneys is subsection (a). The policies, procedures, and ruling from Respondent are in conformity with subsection (d) of Article 39.14—applicable to *pro se defendants*— which states in relevant part:

> "In the case of a pro se defendant, if the court orders the state to produce and permit the inspection of a document, item, or information under this subsection, the **state shall permit the pro se defendant to inspect and review** the document, item, or information but **is not required to allow electronic duplication as described by Subsection (a)**. (emphasis added). (App.0032).

The fact that subsection (d) specifically references subsection (a) is telling. The State is not required to allow *pro se* defendants electronic duplication. Rather, the State is only required to allow inspection and review of the evidence. By not permitting electronic duplication, Respondent is allowing the State to treat criminal defense attorneys the same as they are allowed to treat *pro se* defendants regarding discovery protocol.

The State's position that the City of Carrollton City Attorney's Office does not have the technical capabilities to copy videos from WatchGuard on their

computers strains credulity. Assuming this were true, it would be impossible for any individual or entity to subpoena body or dash-cameras from the Carrollton Police Department. It would be impossible for Denton, Dallas, and Collin County District Attorney Offices to provide copies of videos they receive from the Carrollton Police Department. Defense counsel practices criminal defense in Dallas, Denton, and Collin counties, almost exclusively with cases from the Carrollton Police Department. *Never* has Defense counsel had an issue with receiving the video discovery from the State in Class A and Class B misdemeanors, up to first-degree felonies—only with Class C Misdemeanors in Carrollton Municipal Court. Lastly, it would be *impossible to appeal* any case from the City of Carrollton Municipal Court containing video evidence from a Carrollton Police officer because, according to the State, the City of Carrollton Municipal Court Clerk's office would have no way of transmitting said video evidence to the reviewing court because, apparently, they lack the technological capability of doing so. (App.0030).

## I. Mandamus is Appropriate Because Respondent Erred in Denying Relator's Motion, thereby Allowing the City of Carrollton City Attorney's Office to Violate Article 39.14 of the Texas Code of Criminal Procedure's Electronic Duplication of Discovery Mandate.

A. <u>Mandamus Relief is Appropriate</u>

It is well settled that mandamus relief is appropriate if it is shown that the act sought to be compelled by the writ is purely ministerial and there is no adequate remedy at law. *In re McCann,* 422 S.W.3d 701, 704 (Tex.Crim.App.2013) (internal

citations omitted). "The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought because the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles." *In re Medina,* 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (citing *In re Bonilla,* 424 S.W.3d 528, 533 (Tex. Crim. App. 2014). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex. Crim. App. 1987).

As fully set forth above, *Michael Morton* makes the duty of prosecutors to permit the electronic duplication of discovery evidence, one that is ministerial in nature. When the State failed to comply, Relator sought relief with Respondent whom allowed, and continues to allow, the State to violate its ministerial duties. Relator and all others similarly situated are being denied their discovery rights on a daily basis because they cannot obtain electronic duplicates of the State's video files.

B. Relator Has No Adequate Remedy at Law and Any Remedy that Exists by Direct Appeal is Inadequate.

Relator is unable to obtain the electronic duplicates of the discovery in his case. Absent intervention by mandamus and prohibition, the Respondent will continue to unlawfully permit the State of Texas, through the City of Carrollton City Attorney's Office, to obstruct and prevent Relator and all other defendants electronic duplicates of the State's discovery file. Thus, Relator has no adequate legal remedy.

22

Relator cannot effectively avail himself of any other remedy. While a direct appeal or separate proceeding may be an *alternative* remedy, it is not *adequate.* This Court has recognized that "[i]n some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Smith,* 728 S.W.2d at 792 (Tex. Crim. App. 1987). Under the circumstances of this case, delaying correction of Respondent's error until direct appeal "would be too burdensome and would only aggravate the harm and most likely result in a new trial compelling relator to again endure a trip through the system." *Stearns v. Clinton,* 780 S.W.2d 216, 225 (Tex. Crim. App. 1989).

Relator should not be required to prepare for and endure a trial without electronic duplicates of the State's discovery file only to challenge the error by direct appeal, and then endure another trial with the proper discovery that should have been tendered in the first instance.

### C. A Writ of Prohibition is Also Appropriate Because Respondent Has No Discretion to Allow the State to Violate Its Discovery Duties.

A writ of prohibition is appropriate to prevent future actions of Respondent in this case. "A writ of prohibition must meet the same standards of mandamus, the former being used to 'prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed. . . .'" *Medina,* 475 S.W.3d at 297 (citing *State ex rel. Wade v. Mays,* 689, S.W.2d 893, 897 (Tex. Crim. App.

23

1985)); *See also In re Amos,* 397 S.W.3d 309, 312 (Tex. Civ. App. – Dallas 2013, no writ). There is no question that Respondent intends to continue to allow the State to violate their discovery obligations. Respondent's actions not only affect Relator but affect every single defendant with a case pending in the City of Carrollton Municipal Court. As the City of Carrollton Attorney's Office has made it clear that not allowing electronic duplicates of discovery is the State's "policy," Relator and his counsel sought extraordinary action in requesting the trial court to order the City Attorney to change their unlawful policy.

For the reasons articulated in the foregoing application for a writ of mandamus, Respondent had no discretion to countenance the State's unlawful conduct in obstructing Relator's right to obtain electronic duplicates of his discovery files. Because Relator has no adequate remedy at law, a writ of prohibition should also issue.

D. Emergency Relief is Necessary to Prevent Respondent from Denying Defense Counsel in the City of Carrollton Municipal Court from Obtaining Electronic Duplicates of Their Clients' Discovery Files that They Are Expressly Permitted To Obtain Under *Michael Morton.*

Respondent has continuously allowed the State to proceed in its unlawful obstruction of evidence to defense counsels in the City of Carrollton Municipal Court and allows the City of Carrollton Attorney's Office to maintain a discovery policy that violates the plain-language of *Michael Morton*. Relator requests this Court to issue an immediate stay of any action in Case Numbers 00475441 and

00475442, until further Order of this Court and any ruling on Relator's Petition for Writ of Mandamus and for Writ of Prohibition.

## PRAYER

In addition to the emergency stay requested immediately above, Gonzalo Robles Cesna, Relator, prays that this Court issue a writ of mandamus to order the Respondent to grant Defendant's Motion to Compel Discovery & For Extraordinary Relief, including, ordering the City of Carrollton Attorney's Office to amend their unlawful discovery policies. Relator further prays for a writ of prohibition to prevent Respondent from further denying any future access of defense counsel to electronic duplicates of their clients' case files. Relator also prays for such other and further relief at law or in equity to which Relator may be entitled.

Respectfully submitted,

**LE BROCQ LAW FIRM PLLC**

/s/ Stephen Le Brocq
Stephen Le Brocq
Texas State Bar No. 24094791
Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
P: (69) 930-4385
F: (866) 820-6005
E: stephen@lebrocqlawgroup.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that on <u>April 23, 2018</u>, a copy of this document and all attachments thereto, were served upon:

**Respondent:** The Honorable Judge Meredith Lyon, Presiding Judge of Carrollton Municipal Court, 2001 E. Jackson Road, Carrollton, Texas 75006 via first class mail and to: legaldocuments@cityofcarrollton.com via Texas E-Service.

**Real Party in Interest:** City of Carrollton, City Attorney, Meredith Ladd, 2001 E. Jackson Road, Carrollton, Texas 75006 via first class mail and via e-mail to: Meredith.Ladd@cityofcarrollton.com via Texas E-Service.

Mary Scanlon, Assistant City Attorney for the City of Carrollton, e-mail to: Mary.Scanlon@cityofcarrollton.com via Texas E-Service.

Susan Keller, Assistant City Attorney for the City of Carrollton, e-mail to: Susan.Keller@cityofcarrollton.com  via Texas E-Service.

/s/ Stephen Le Brocq
Stephen Le Brocq


## CERTIFICATE OF COMPLIANCE WITH TEX. RULE APP. PROC 9.4

I certify that this document complies with (1): the type-volume limitations because it is computer-generated and does not exceed 4,500 words. Using the word count feature of Microsoft Word, this document contains 3,781 words *except* in the following sections: caption, identify of parties and counsel, table of contents, index of authorities, statement of the case and jurisdiction, statement of issues presented, signature, certificate of service, certificate of compliance, and appendix; and (2) the typeface requirements because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14-point font. *See* Tex. Rule App. Proc. 9.4(i)(2)(D) (2018).

/s/ Stephen Le Brocq
Stephen Le Brocq

26

## RULE 52.3(j) CERTIFICATION

I have reviewed the petition and the appendix. I conclude that every factual statement in the petition is supported by competent evidence included in the appendix. *See* Tex. Rule App. Proc. 52.3(j)(2018).

/s/ Stephen Le Brocq
Stephen Le Brocq

## RULE 52.10(a) CERTIFICATION

I hereby certify that I have complied with TRAP 52.10(a) by notifying all parties via electronic mail that a request for emergency relief has been filed to or contemporaneous with the filing of this Petition.

/s/ Stephen Le Brocq
Stephen Le Brocq

# Appendix

MUNICIPAL COURT
FILED

MAR 0 7 2018

CAUSE NOS. <u>00475441 & 00475442</u>  CITY OF CARROLLTON

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| | § | |
| vs. | § | FOR THE CITY OF CARROLLTON |
| | § | |
| GONZALO ROBLES CESENA | § | DALLAS COUNTY, TEXAS |

### DEFENDANT'S MOTION TO COMPEL DISCOVERY & FOR EXTRAORDINARY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Gonzalo Robles Cesena ("Defendant") by and through his attorneys, Le Brocq Law Firm PLLC and pursuant to the United States Constitution, the Constitution of the State of Texas, and Article 39.14 of the Texas Code of Criminal Procedure, also known as the "Michael Morton Act," respectfully moves this Honorable Court to enter an Order compelling the State of Texas to allow Defense Counsel to obtain electronic duplicates of video footage in custody of the State of Texas. Furthermore, given the State's clearly erroneous interpretation of their obligations under the Michael Morton Act, Defense Counsel requests this Court take the unusual step in ordering the State of Texas to amend their office's discovery production policy, as it fails to fulfill the requirements of the Michael Morton Act. In support thereof, Defendant would respectfully show unto this Court as follows:

### I.    THE TIMELINE OF EVENTS

1.    On March 1, 2018, undersigned counsel sent a discovery request pursuant to Article 39.14 of the Texas Code of Criminal Procedure requesting "any video footage concerning the stop of Mr. Gonzalo Robles Cesena, citation numbers: 00475441 and 00475442, respectively." (See <u>Exhibit A</u>, attached hereto). The request was propounded upon Mary Scanlon and Aliceson Foote (hereinafter referred to as "State") via their City

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: 9·23·18
Page 1 of 9

APP. 001

MUNICIPAL COURT
FILED

MAR 07 2018

CITY OF CARROLLTON

of Carrollton e-mail addresses, both of whom are Assistant City Attorneys for the City of Carrollton.

2.      Among other things, the State responded that "Article 39.14 *does not require* [the State] to provide [Defense Counsel] with a copy of the video. However, [Defense Counsel] can schedule a time to watch the video and *record it on [Defense Counsel's] own equipment while you watch it.*" (Emphasis added) (<u>Exhibit B,</u> attached hereto). The State provided various dates and times for when the State would allow Defense Counsel an in-court viewing of the discovery. *Id.*

3.      Defense counsel responded that he was unavailable for the date/time slots provided, but that he would provide an electronic media storage device to the State to obtain electronic duplicates. (<u>Exhibit C,</u> attached hereto). The State responded that it was not required to make a copy under Article 39.14 (<u>Exhibit D,</u> attached hereto).

4.      Defense Counsel informed the State that he is "entitled to electronic duplicates of the media. [Defense Counsel] [is] not asking to remove it from the State's possession and not asking [the State] to use [its] own media storage devices. [Defense Counsel] can bring [a] flash drive and transfer the video files." (<u>Exhibit E,</u> attached hereto). The State responded, correctly acknowledging that Defense Counsel is entitled to the "opportunity to inspect evidence and for [Defense Counsel] to make copies of [the media]. (<u>Exhibit F,</u> attached hereto). The State recited the relevant part of Art. 39.14 and comments that "[t]here is nothing that says [the State] ha[s] to make copies of anything for [Defense Counsel]." *Id.* The State then effectively suggested Defense Counsel review his calendar again and boldly insinuated that Defense Counsel would provide a media device that would compromise the State's computer network. *Id.*

---

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: 4-23-18

APP. 002

MUNICIPAL COURT
FILED

MAR 07 2018

CITY OF CARROLLTON

5.      Defense Counsel responded about his schedule and his law firm, which operates across the state and has cases pending in both State and Federal courts in Texas and Illinois. He further advised the State that when the court docket concludes, he has consultations, court hearings, depositions, and other matters to attend to. Defense Counsel cannot freely wait after court – or whenever the State has availability – to set up a video camera in the courtroom to record the screen on which the video that Defense Counsel is entitled to a duplicate of, is playing. (Exhibit G, attached hereto). Defense Counsel also, so as to alleviate any concern about what whatever the State was referring to by the risks associated with putting a flash drive or DVD from an "unknown source" in the city's computer, offered to provide the device in its original packaging. *Id.* He also sought clarification of the State's procedure in order to alleviate any future problems because, as this Court is well aware, Le Brocq Law Firm handles hundreds of cases in the City of Carrollton. *Id.*

6.      In response thereto, the State referenced Defense Counsel back to its March 2, 2018 e-mail (Exhibit B) which described the State's attempt at circumventing Article 39.14's requirements. (Exhibit H, attached hereto). Said e-mail suggested the use of a video recording device to be brought into the courtroom to record the recording on the State's computers. The State apologized that Defense Counsel does not like the policy, "but it is the policy of [the City Attorney's Office for the City of Carrollton] and all attorneys are treated the same in this regard and to treat [Defense Counsel] differently would cause problems." *Id.*

---

Notwithstanding the fact that Art. 39.14 of the Texas Code of Criminal Procedure states that Defense Counsel is entitled to "electronic duplicates" and not *a* recording of *the* recording of the State's discovery, it is worth noting that Rule 2.8 of the "Local Rules of the Carrollton Municipal Court" restrict electronic devices in the courtroom.

**CERTIFIED COPY**
**CARROLLTON MUNICIPAL COURT**
Certified by: _____
Date: __4 · 23 · 18__

APP. 003



MUNICIPAL C...
FILED

MAR 07 2018

CITY OF CARROLLTON

7.      In a final attempt to resolve this dispute without court intervention, Defense

Counsel sent a final e-mail on March 6, 2018 (Exhibit I, attached hereto), reiterating his

concerns, the law, and addressing the concerns with media from an "unknown source".

Lastly, the State responded only to repeat that the chain of emails are "clear as to the

policy and position of [the City Attorney's Office for the City of Carrollton]." *Id.* The State

welcomed Defense Counsel to file a motion "deem[ed] appropriate with the Court." This

Motion is brought to resolve the dispute articulated above and all future disputes as it

pertains to the State's duties and obligations under the Michael Morton Act, the Texas

Rules of Disciplinary Conduct, the Texas Rules of Evidence, and the Due Process clauses

of both the Constitution of the State of Texas and the United States Constitution.

## II.     THE CITY OF CARROLLTON ATTORNEYS' OFFICE AND THEIR POLICIES ARE IN CONTRAVENTION OF ARTICLE 39.14 OF THE TEXAS CODE OF CRIMINAL PROCEDURE a.k.a. THE MICHAEL MORTON ACT.

8.      On May 16, 2013, due to prosecutorial misconduct regarding discovery

issues which lead to an innocent man serving time in prison, Governor Rick Perry signed

Texas Senate Bill 1611, also known as the Michael Morton Act. The Act was codified into

law under Article 39.14 of the Texas Code of Criminal Procedure. It states in relevant part:

> "[A]s soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection **and the electronic duplication**, copying, **and** photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or

*Defendant's Motion to Compel Discovery & for Extraordinary Relief*          **CERTIFIED COPY**          Page 4 of 9
**CARROLLTON MUNICIPAL COURT**
Certified by: _____
Date: 4·23·18

APP. 004

MUNICIPAL COURT
FILED

MAR 0 7 2018

CITY OF CARROLLTON

information from the possession of the state, and any inspection shall be in the presence of a representative of the state." (Emphasis added).

9.     It is undisputed that a proper request was sent to the State, triggering its duty under Article 39.14. The State does not maintain that it does not possess the requested media. Rather, its assertion is that it does not have to provide electronic duplicates. The State's position is incorrect and violates the plain language of Art. 39.14. In Exhibit F, the State acknowledges that Article 39.14 requires the State to "permit the inspection **and the electronic duplication, copying and photographing** of evidence." (Exhibit F, *See also* Art. 39.14 Texas Code of Criminal Procedure) (emphasis added).

10.     "A court construes a statute according to its plain meaning without considering the extratextual factors unless the statutory language is ambiguous or imposing the plain meaning would cause an absurd result." *Boykin v. State*, 818 S.W.2d 785-786 (Tex. Crim. App. 1991). When determining the fair, objective meaning of an undefined statutory term, the Court may consult standard dictionaries. *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009).

11.     The word "and" is a "logical operator that requires both of two inputs to be present or two conditions to be met for an output to be made or a statement to be executed." *And Definition*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/and (last visited March 6, 2018).

12.     "Duplication" is the act or process of duplicating. *Duplication Definition*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/duplication (last visited March 6, 2018). Finally, the term "duplicate" means "consisting of or existing in two corresponding or identical parts or examples." *Duplicate Definition*, MERRIAM-

---

*Defendant's Motion to Compel Discovery & for Extraordinary Relief*

APP. 005

**CERTIFIED COPY**
**CARROLLTON MUNICIPAL COURT**
Certified by: _____
Date: 4-23-18

Page 5 of 9

MUNICIPAL COURT
FILED

MAR 0 7 2018

CITY OF CARROLLTON

WEBSTER.COM, https://www.merriam-webster.com/dictionary/duplicate (last visited March 6, 2018).

13.     Following the basic dictionary definitions and the plain-meaning of the statute, the State has to: (1) permit the inspection **and** (2) permit the electronic duplication, copying **and** photographing of evidence. Accordingly, the State does not get to decide whether or not Defense Counsel is permitted to "inspect" or "electronically duplicate" or "copy" or "photograph." In the present case, Defense counsel does not want to inspect any evidence, albeit his right—he wants to obtain electronic duplicates.

14.     The "electronic duplicates" are the audio video files of the requested body and dash cameras, which are in the sole possession and custody of the State of Texas. Defense Counsel has requested many times for the duplicates of the audio video files. Carrollton Police Department uses WatchGuard Video, a law enforcement software for body camera, in-car video, and evidence management. The video is relatively simple to download and is done routinely in the State prosecutor offices across the State of Texas. Defense Counsel has received hundreds of video files from prosecutor offices all across Texas—well beyond Dallas County. WatchGuard has options to download the files to an external media device, which includes USB flash drives, DVDS, and CDs.

15.     The State's position is incorrect and highly concerning. The State fails to recognize that permitting the inspection of evidence and photographing evidence, is NOT the same thing as obtaining duplicates. Indeed, the State replies that Defense Counsel can "watch the video and record it on [Defense Counsel's] equipment…" (Exhibit B). The process articulated by the State is *one of the options* available, to wit: photographing. Using a recording device as suggested by the State (presumably, a camcorder), is photographing. Whereas, obtaining electronic duplicates, is wholly

---

*Defendant's Motion to Compel Discovery &*
*for Extraordinary Relief*

**CERTIFIED COPY**
**CARROLLTON MUNICIPAL COURT**
Certified by:
Date:  4·23·18

Page 6 of 9

FILED

MAR 0 7 2018

CITY OF CARROLLTON

different. Duplicates are identical replicas of the original source. In this case, the original sources are video files.

16.     Using a recording device to record a screen playing a video does not create a duplicate; it creates an entirely new video. The subsequent video created would not be the video from the officer's recording device; it would be a video of a computer screen, monitor, or projection screen.

17.     It goes without saying that, as a threshold matter, this practice is impractical. For a defense attorney to have to purchase a video recording device and hold the device to a computer screen, or projector, for however long the video lasts, is absurd and ridiculous. Further, what compounds the unduly burdensome nature of this position is the fact the State has a schedule for when this "recording" may be done. This restricts access to discovery, which is strictly what the Michael Morton Act was designed to prevent.

18.     Moreover, Texas Rule of Disciplinary Conduct, Rule 3.04(a) states in relevant part that, a "lawyer shall not unlawfully obstruct another party's access to evidence..." 3.09(d) further states that a prosecutor shall: "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense..."

19.     The State is woefully failing in its obligation and duty to provide electronic duplicates to the defense. In addressing the State's concern about media from an "unknown source" being inserted into the City's computers, however far-fetched that may be, Defense Counsel already told the State that Defense Counsel would provide the media in its original packaging. Instead of acknowledging the effectiveness of the suggested solution to the State's concern, the State decided to wholly disregard it and

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: 4-23-18

MUNICIPAL COURT
FILED

MAR 0 7 2018

CITY OF CARROLLTON

refer Defense Counsel back to the State's previous emails. Thus, begging the question as to the genuineness of the concern in the first place.

### III.   REQUEST FOR HEARING

Defense Counsel respectfully request this Honorable Court hold a hearing on the matter and, after oral arguments, enter findings of fact and conclusions of law in a detailed order outlining the Court's decision.

### IV.   REQUEST FOR ATTORNEY'S FEES

Defense Counsel has attempted and exhausted all reasonable efforts to resolve this matter with the State, culminating in the State's welcoming of Defense Counsel to bring any motion he deemed appropriate with the Court. Therefore, Defense Counsel respectfully requests this Honorable Court order the State of Texas to pay Defendant's reasonable and necessary attorney's fees accumulated in connection with this Motion, including fees for any subsequent appellate and/or *mandamus* proceedings, if the same should become necessary.

### V.   CONCLUSION AND PRAYER

After the promulgation of the Michael Morton Act by the State Legislature, the State recognized that it is a paramount right of defendants to have access, with very limited exceptions – none of which apply to the case at bar, to the State's discovery files. Included in Article 39.14's requirements are a defense counsel's right to inspect, and electronically duplicate, copy, and photograph the State's evidence. The State Legislature left no ambiguity in the law or discretion to a prosecutor in choosing how the State complies with the duties prescribed therein. Because the State has indicated that the position of the City Attorney's Office for the City of Carrollton is in compliance with

*Defendant's Motion to Compel Discovery*
*for Extraordinary Relief*

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: _____

Page 8 of 9

MUNICIPAL COURT
FILED

MAR 0 7 2018

CITY OF CARROLLTON

Article 39.14, and it undeniably is not, Defendant, by and through Defense Counsel, respectfully requests the Court order the State to provide or permit the electronic duplication of the discovery files in the State's possession – in all present and future cases.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that after a final hearing hereof, that this Honorable Court grant the relief requested herein, and for all such further relief the Court deems just and advisable.

Respectfully submitted this 6· day of March, 2018.

LE BROCQ LAW FIRM PLLC

/s/ Stephen Le Brocq
Stephen Le Brocq
Texas SBN: 24094791
Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
P: (469) 930-4385 F: (866) 820-6005
E: stephen@lebrocqlawgroup.com
*Attorney for Defendant/Movant*

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was served upon the State of Texas in accordance with the Texas Rules of Criminal Procedure on the 6· day of March, 2018.

/s/Stephen Le Brocq

### CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing this Motion, undersigned Defense Counsel made numerous efforts to resolve the foregoing dispute without necessity of court intervention, to no avail.

/s/Stephen Le Brocq

---

*Defendant's Motion to Compel Discovery &*
*for Extraordinary Relief*

Page 9 of 9

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: 4·23·18

APP. 009





Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Stephen Le Brocq** <stephen@lebrocqlawgroup.com>                    Thu, Mar 1, 2018 at 5:46 PM
To: Mary Scanlon <mary.scanlon@cityofcarrollton.com>, Aliceson Foote <Aliceson.Foote@cityofcarrollton.com>

Good evening counsels:

Pursuant to Art. 39.14 of the TCCP, please provide us any video footage concerning the stop of Mr. Gonzalo Robles Cesena, citation numbers: 00475441 and 00475442, respectively.

Have a good weekend.


Respectfully yours,


**Stephen Le Brocq**
Attorney at Law
*Licensed in Texas & Illinois*

**LE BROCQ LAW FIRM PLLC**
**Carrollton | Dallas | Chicago**

Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
Local: (469) 930-4385
Fax/Toll Free: (866) 820-6005
Email: stephen@lebrocqlawgroup.com

MUNICIPAL COURT
FILED
MAR 07 2018
CITY OF CARROLLTON


**"Justice will not be served until those who are unaffected are as outraged as those who are." — Benjamin Franklin**

This electronic message is from an attorney. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

CIRCULAR 230 NOTICE: In accordance with current Treasury Regulations, please note that any tax advice given in this message (and in any attachments) is not intended or written to be used, and cannot be used by any person, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this message.

APP. 0010

EXHIBIT

**B**



Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Mary Scanlon** <Mary.Scanlon@cityofcarrollton.com>                    Fri, Mar 2, 2018 at 7:50 AM
To: Stephen Le Brocq <stephen@lebrocqlawgroup.com>

Good morning,

Article 39.14 does not require us to provide you with a copy of the video. However you can schedule a time to watch the video and record it on your own equipment while you watch it. Currently, the available times to view videos are as follows:

March 22 at 1:30 pm or whenever docket ends (whichever is later);

March 9 or 23 at 8:00 am or whenever docket ends (whichever is later);

April 5, 12, 19 or 26 at 1:30 pm or whenever docket ends (whichever is later); or

April 13 or 27 at 8:00 am or whenever docket ends (whichever is later).

MUNICIPAL COURT
FILED
MAR 0 7 2018
CITY OF CARROLLTON

Let me know what works for you. Keep in mind other attorneys have been offered these same time slots and it's a first come, first served basis as to who gets a particular appointment and if the time slot you desire is no longer available, you will have to choose another.

Mary Scanlon

Assistant City Attorney

(972) 466-4755

*CERTIFIED IN CRIMINAL LAW BY THE TEXAS BOARD OF LEGAL SPECIALIZATION SINCE 1999*

**From:** Stephen Le Brocq [mailto:stephen@lebrocqlawgroup.com]
**Sent:** Thursday, March 01, 2018 5:47 PM
**To:** Mary Scanlon; Aliceson Foote
**Subject:** 39.14 Requests

[Quoted text hidden]

APP. 0011

**EXHIBIT C**



Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Stephen Le Brocq** <stephen@lebrocqlawgroup.com>                    Fri, Mar 2, 2018 at 8:35 AM
To: Mary Scanlon <Mary.Scanlon@cityofcarrollton.com>

Thank you. Unfortunately, none of those time or date slots comport with my schedule. I'll provide electronic media so I can obtain electronic duplicates of the video files. Who should I provide a flash drive to or is DVD easier? Please advise.

Thank you.

Sent from my iPhone

Respectfully yours,

**Stephen Le Brocq**
Attorney at Law
*Licensed in Texas & Illinois*

**LE BROCQ LAW FIRM, PLLC**
**Carrollton| Dallas | Chicago**

Josey Ranch Plaza
2150 N. Josey Lane, Suite 227
Carrollton, Texas 75006-2982
Local: (469) 930-4385
Fax/Toll Free: (866) 820-6005
Email: stephen@lebrocqlawgroup.com
Web: www.stephenlebrocq.com

By Appointment Only:
One Galleria Tower
13355 Noel Road, 11th Floor
Dallas, Texas 75240-6002

*"Justice will not be served until those who are unaffected are as outraged as those who are."* — *Benjamin Franklin*

[Quoted text hidden]

MUNICIPAL COURT
FILED
MAR 0 7 2018
CITY OF CARROLLTON

APP. 0012

**EXHIBIT D**



Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Mary Scanlon** <Mary.Scanlon@cityofcarrollton.com>                    Fri, Mar 2, 2018 at 9:41 AM
To: Stephen Le Brocq <stephen@lebrocqlawgroup.com>

That is unfortunate but, as stated before, we will not make a copy for you as we are not required to under Article 39.14.


Mary Scanlon



**From:** Stephen Le Brocq [mailto:stephen@lebrocqlawgroup.com]
**Sent:** Friday, March 02, 2018 8:35 AM
**To:** Mary Scanlon
**Subject:** Re: 39.14 Requests

[Quoted text hidden]

MUNICIPAL COURT
FILED

MAR 07 2018

CITY OF CARROLLTON

APP. 0013

**EXHIBIT**
# E



Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Stephen Le Brocq** <stephen@lebrocqlawgroup.com>                    Fri, Mar 2, 2018 at 3:57 PM
To: Mary Scanlon <Mary.Scanlon@cityofcarrollton.com>

Mary, I will provide the media. I'm entitled to electronic duplicates of the media. I'm not asking to remove it from the State's possession and not asking you to use your own media storage devices. I can bring my flash drive and transfer the video files.

Thank you.

Sent from my iPhone

Respectfully yours,

**Stephen Le Brocq**
Attorney at Law
*Licensed in Texas & Illinois*

**LE BROCQ LAW FIRM, PLLC**
**Carrollton| Dallas | Chicago**

Josey Ranch Plaza
2150 N. Josey Lane, Suite 227
Carrollton, Texas 75006-2982
Local: (469) 930-4385
Fax/Toll Free: (866) 820-6005
Email: stephen@lebrocqlawgroup.com
Web: www.stephenlebrocq.com

By Appointment Only:
One Galleria Tower
13355 Noel Road, 11th Floor
Dallas, Texas 75240-6002

MUNICIPAL COURT
FILED
MAR 0 7 2018
CITY OF CARROLLTON

*"Justice will not be served until those who are unaffected are as outraged as those who are."* — *Benjamin Franklin*

On Mar 2, 2018, at 9:41 AM, Mary Scanlon <Mary.Scanlon@cityofcarrollton.com> wrote:

> That is unfortunate but, as stated before, we will not make a copy for you as we are not required to under Article 39.14.
>
>
> Mary Scanlon
>
>
>
> **From:** Stephen Le Brocq [mailto:stephen@lebrocqlawgroup.com]
> **Sent:** Friday, March 02, 2018 8:35 AM
> **To:** Mary Scanlon
> **Subject:** Re: 39.14 Requests
>
>
> Thank you. Unfortunately, none of those time or date slots comport with my schedule. I'll provide electronic media so I can obtain electronic duplicates of the video files. Who should I provide a flash drive to or is DVD easier? Please advise.

APP. 0014

Thank you.

Sent from my iPhone


Respectfully yours,


**Stephen Le Brocq**

Attorney at Law

*Licensed in Texas & Illinois*


**LE BROCQ LAW FIRM, PLLC**

**Carrollton| Dallas | Chicago**


Josey Ranch Plaza

2150 N. Josey Lane, Suite 227

Carrollton, Texas 75006-2982

Local: (469) 930-4385

Fax/Toll Free: (866) 820-6005

Email: stephen@lebrocqlawgroup.com

Web: www.stephenlebrocq.com


By Appointment Only:

One Galleria Tower

13355 Noel Road, 11th Floor

Dallas, Texas 75240-6002


*"Justice will not be served until those who are unaffected are as outraged as those who are." — Benjamin Franklin*

On Mar 2, 2018, at 7:50 AM, Mary Scanlon <Mary.Scanlon@cityofcarrollton.com> wrote:

> Good morning,
>
> Article 39.14 does not require us to provide you with a copy of the video. However you can schedule a time to watch the video and record it on your own equipment while you watch it. Currently, the available times to view videos are as follows:

MUNICIPAL COURT
FILED
MAR 07 2018
CITY OF CARROLLTON

APP. 0015

3/6/2018                                LE BROCQ LAW FIRM, PLLC Mail - 39.14 Requests

March 22 at 1:30 pm or whenever docket ends (whichever is later);

March 9 or 23 at 8:00 am or whenever docket ends (whichever is later);

April 5, 12, 19 or 26 at 1:30 pm or whenever docket ends (whichever is later); or

April 13 or 27 at 8:00 am or whenever docket ends (whichever is later).


Let me know what works for you. Keep in mind other attorneys have been offered these same time slots and it's a first come, first served basis as to who gets a particular appointment and if the time slot you desire is no longer available, you will have to choose another.


Mary Scanlon

Assistant City Attorney

(972) 466-4755


*CERTIFIED IN CRIMINAL LAW BY THE TEXAS BOARD OF LEGAL SPECIALIZATION SINCE 1999*

**From:** Stephen Le Brocq [mailto:stephen.stephen@lebrocqlawgroup.com]
**Sent:** Thursday, March 01, 2018 5:47 PM
**To:** Mary Scanlon; Aliceson Foote
**Subject:** 39.14 Requests

*MUNICIPAL COURT*
*FILED*
*MAR 0 7 2018*
*CITY OF CARROLLTON*

Good evening counsels:


Pursuant to Art. 39.14 of the TCCP, please provide us any video footage concerning the stop of Mr. Gonzalo Robles Cesena, citation numbers: 00475441 and 00475442, respectively.


Have a good weekend.


Respectfully yours,



**Stephen Le Brocq**

Attorney at Law

*Licensed in Texas & Illinois*


**LE BROCQ LAW FIRM PLLC**

**Carrollton | Dallas | Chicago**

APP. 0016

Plaza of Josey Ranch

2150 North Josey Lane, Suite 227

Carrollton, Texas 75006

Local: (469) 930-4385

Fax/Toll Free: (866) 820-6005

Email: stephen@lebrocqlawgroup.com

**"Justice will not be served until those who are unaffected are as outraged as those who are." — Benjamin Franklin**

This electronic message is from an attorney. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

CIRCULAR 230 NOTICE: In accordance with current Treasury Regulations, please note that any tax advice given in this message (and in any attachments) is not intended or written to be used, and cannot be used by any person, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this message.



MUNICIPAL COURT
FILED
MAR 07 2018
CITY OF CARROLLTON

APP. 0017

EXHIBIT
F



Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Mary Scanlon** <Mary.Scanlon@cityofcarrolton.com>                     Mon, Mar 5, 2018 at 8:11 AM
To: Stephen Le Brocq <stephen@lebrocqlawgroup.com>

First, what you're entitled to is the opportunity to inspect evidence and for you to make copies of it. Article 39.14 states that the State "shall produce and permit the inspection and the electronic duplication, copying and photographing" of evidence. There is nothing that says I have to make copies of anything for you.

Second, I have offered you nine (9) different dates and times to come in and inspect the evidence and if you so choose, to duplicate it. For you to say that none of those nine (9) different days and times comport with your schedule seems disingenuous as you are already scheduled to be at Court on at least two (2) of those days and time (March 9 and April 19).

Third, to think that I'm going to put a DVD, CD or a flash drive from an unknown source into the city's computer system is unreasonable.

Perhaps upon further reflection you will realize that one of the offered appointments will comport with your schedule and you will be able to view the video and make your own copy.

Mary Scanlon

MUNICIPAL COURT
FILED

MAR 07 2018

CITY OF CARROLLTON

**From:** Stephen Le Brocq [mailto:stephen@lebrocqlawgroup.com]
**Sent:** Friday, March 02, 2018 3:57 PM

[Quoted text hidden]

[Quoted text hidden]

APP. 0018



3/6/2018                                    LE BROCQ LAW FIRM, PLLC Mail - 39.14 Requests



Stephen Le Brocq <stephen@lebrocqlawgroup.com>

---

## 39.14 Requests

---

**Stephen Le Brocq** <stephen@lebrocqlawgroup.com>                      Mon, Mar 5, 2018 at 12:11 PM
To: Mary Scanlon <Mary.Scanlon@cityofcarrollton.com>

Thank you for your response. So it looks like we both agree that 39.14 allows me to make electronic duplicates of the State's discovery. How can I make copies/electronic duplicates? Please let me know who I need to speak to. I'm not sure if your office has an investigator or technician that I can approach. I'm not trying to be difficult, I just need the discovery so I can review the videos when I have time. I have over 200 cases pending all across the State of Texas and I also work in Chicago, for some of my older cases. Further, we have many consultations daily, depositions, and other courts to go to, along with jail visits. As soon as the court's docket is over, I have to leave. Simply put, I cannot wait in a line while other attorneys review the discovery as it is unduly burdensome. You stated that you would not put a DVD/CD/Flash Drive from an "unknown source" into the city's computer system. What type of media can I provide to avoid this concern? I can provide a flash drive in its original packaging so you know it has not been tampered with, or ever used before. In the hundreds of criminal cases I have done-- from federal, state, felonies, misdemeanors-- this has never been an issue with any prosecutor's office in Texas or any other jurisdiction I have practiced. I like to review the videos with my client and I have to set up meetings with them. I do not know any other way that the videos can be duplicated, absent an external media device like a DVD disc or flash drive. Whatever it takes to get the videos downloaded, I will be more than happy to assist. So please let me know the best option. I want to have a procedure down so we don't run into any problems with media discovery in the future. As you know, my firm handles lots of cases in your court. Please let me know soon. Thank you.

Respectfully yours,

**Stephen Le Brocq**
Attorney at Law
*Licensed in Texas & Illinois*

**LE BROCQ LAW FIRM PLLC**
**Carrollton | Dallas | Chicago**

Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
Local: (469) 930-4385
Fax/Toll Free: (866) 820-6005
Email: stephen@lebrocqlawgroup.com



**"Justice will not be served until those who are unaffected are as outraged as those who are."** — **Benjamin Franklin**

This electronic message is from an attorney. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

CIRCULAR 230 NOTICE: In accordance with current Treasury Regulations, please note that any tax advice given in this message (and in any attachments) is not intended or written to be used, and cannot be used by any person, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this message.

[Quoted text hidden]

APP. 0019





Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Mary Scanlon** <Mary.Scanlon@cityofcarrollton.com>                    Mon, Mar 5, 2018 at 2:35 PM
To: Stephen Le Brocq <stephen@lebrocqlawgroup.com>
Cc: Susan Keller <Susan.Keller@cityofcarrollton.com>

You ask how can you make copies – that was answered in the first email I sent to you on March 2nd. And your concerns about having to wait in line while other attorneys view videos is a non-issue as that is the reason for having a specific day and time assigned to just you. I'm sorry you don't like this policy but it is the policy of my office and all attorneys are treated the same in this regard and to treat you differently would cause problems.

Mary Scanlon

**From:** Stephen Le Brocq [mailto:stephen@lebrocqlawgroup.com]
**Sent:** Monday, March 05, 2018 12:12 PM

[Quoted text hidden]

[Quoted text hidden]

MUNICIPAL COURT
FILED
MAR 07 2018
CITY OF CARROLLTON

APP. 0020



**G**Mail

Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Stephen Le Brocq** <stephen@lebrocqlawgroup.com>                          Tue, Mar 6, 2018 at 12:32 PM
To: Mary Scanlon <Mary.Scanlon@cityofcarrollton.com>
Cc: Susan Keller <Susan.Keller@cityofcarrollton.com>

Good afternoon Mary,

Thanks again for the quick response. I misunderstood the nature "first come, first serve" basis by not realizing the date
and times you offered were for an individual appointment. That is my mistake.

I want to emphasize that I am not trying to beat a dead horse or be unnecessarily difficult, but that I am just wanting to
make sure I am understanding your interpretation of Article 39.14's requirements and your office's policy regarding same.
Please correct me if I am wrong, but you are asserting that I am not entitled to an actual electronic duplicate or copy of the
discovery file in your possession. Rather, I am allowed to bring in some type of recording equipment (i.e., a camcorder)
and make a recording of the video while you play it for me at our scheduled appointment? And your stance on the issue is
that allowing me to make a separate recording of the actual recording constitutes an electronic duplicate in satisfaction of
39.14? If this is your interpretation, then I believe that ends the discussion and the rest of this email would be futile.

However, if you agree that a separate recording of the actual recording does not qualify as an electronic duplicate, then
your correct assertion that 39.14 does not say you must make copies of the files for me and the fact that there is not a
position in the Carrollton Municipal Court system tasked with making the copies begs the question of how I am to obtain
said copy/duplicate. Despite the fact that article 39.14 does not require you to make copies for me, 39.14 entitles me to a
copy, and therefore, I believe, would require the only person in possession of said file to make the copy, as there is no one
else capable. Unless, however, under your supervision of course, you will allow me to copy the file onto a flash drive or
dvd. In which case, as I stated before, although I think to assert that a flash drive or disc personally provided by me
constitutes an "unknown source" is unreasonable, I would be willing to provide the flash drive in its unopened packaging
to alleviate any concerns.

Please let me know your thoughts and confirm or correct my attempt at summarizing your position on the matter. Thank
you.

Respectfully yours,



**Stephen Le Brocq**
Attorney at Law
*Licensed in Texas & Illinois*

**LE BROCQ LAW FIRM PLLC**
**Carrollton | Dallas | Chicago**

Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
Local: (469) 930-4385
Fax/Toll Free: (866) 820-6005
Email: stephen@lebrocqlawgroup.com

**"Justice will not be served until those who are unaffected are as outraged as those who are." — Benjamin
Franklin**

This electronic message is from an attorney. It may contain confidential or privileged information. If you received this
transmission in error, please reply to the sender to advise of the error and delete this transmission and any
attachments.

CIRCULAR 230 NOTICE: In accordance with current Treasury Regulations, please note that any tax advice given in

APP. 0021

this message (and in any attachments) is not intended or written to be used, and cannot be used by any person, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this message.

[Quoted text hidden]

MUNICIPAL COURT
FILED
MAR 07 2018
CITY OF CARROLLTON

APP. 0022



**EXHIBIT J**

Stephen Le Brocq <stephen@lebrocqlawgroup.com>

## 39.14 Requests

**Mary Scanlon** <Mary.Scanlon@cityofcarrollton.com>    Tue, Mar 6, 2018 at 12:48 PM
To: Stephen Le Brocq <stephen@lebrocqlawgroup.com>
Cc: Susan Keller <Susan.Keller@cityofcarrollton.com>

I think my emails are clear as to the policy and position of our office. Of course you are welcome to file any motion you deem appropriate with the Court.

Mary Scanlon

**From:** Stephen Le Brocq [mailto:stephen@lebrocqlawgroup.com]
**Sent:** Tuesday, March 06, 2018 12:32 PM
**To:** Mary Scanlon
**Cc:** Susan Keller
**Subject:** Re: 39.14 Requests

[Quoted text hidden]



APP. 0023

MUNICIPAL COURT
FILED
MAR 15 2018
CITY OF CARROLLTON

CAUSE NOS. <u>00475441 & 00475442</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| | § | |
| vs. | § | FOR THE CITY OF CARROLLTON |
| | § | |
| GONZALO ROBLES CESENA | § | DALLAS COUNTY, TEXAS |

## <u>AFFIDAVIT OF STEPHEN LE BROCQ</u>

COMES NOW, Stephen Le Brocq, attorney of record for Gonzalo Robles Cesena and in support of his Attorney Fee request in Defendant's Motion to Compel Discovery and For Extraordinary Relief, files this, Affidavit of Stephen Le Brocq.

1.      "My name is Stephen Le Brocq. I am 26 years old, of sound mind and am fully competent to make this Affidavit. I have personal knowledge of all the facts stated herein, and they are true and correct.

2.      I am an attorney licensed to practice law in the State of Texas, the State of Illinois, the United States District Court for the Northern District of Texas, the United States District Court for Eastern District of Texas, the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Wisconsin, and the United States Court of Appeals for the Seventh Circuit.

3.      I have practiced law since May 1, 2014 in the State of Illinois and May 1, 2015 in the State of Texas. Additionally, I held special Supreme Court licenses while in law school and, as a law student, I handled hundreds of criminal cases both as defense and prosecution in Chicago, Illinois and Ann Arbor, Michigan, in the years 2012-2013. Currently, my primary practice is criminal defense and civil litigation in the North Texas region.

4.      My experience in criminal law, as described above, started with the Law Office of the Washtenaw County Public Defender in Ann Arbor Michigan, where, under

---

*Affidavit of Stephen Le Brocq*

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: Page 1 of 3
Date: 7·23·18

attorney supervision, I defended indigent people charged with misdemeanors. I handled cases from the first hearing until disposition. I did the same while in law school, with the Cook County Public Defender's Office in Chicago, Illinois. I also prosecuted cases, under attorney supervision, for the Domestic Violence Division of the Cook County State's Attorney Office in Chicago, Illinois.

5.      After obtaining my law license in 2014, I have handled hundreds of criminal, civil, family, and immigration cases throughout Texas and Illinois. I have argued before the United States Court of Appeals for the Seventh Circuit and have handled numerous appeals in Texas and Illinois.

6.      I have been lead counsel and co-counsel in many criminal trials, bench, and jury, in Texas and Illinois, and federal district courts.

7.      In the case at bar, I performed the following services: research of the legal principles surrounding the Michael Morton Act, drafting and reviewing the underlying motion, attempting to resolve the instant dispute with the State via e-mail, preparing for, and the eventual hearing on this matter.

8.      I have billed my time in this matter at the rate of $250.00 per hour, which is a discounted rate, and one that is a reasonable and necessary hourly rate for a lawyer of my experience, in the Dallas legal market. My law clerk/paralegals' reasonable and necessary hourly rate is $100.00 per hour.

9.      It is my opinion that $1,300.00 is a reasonable attorney fee considering the nature of the dispute, the complexity of the matter, the scope and nature of services required to properly represent the Defendant in this case, the non-recoverable costs associated with pursuing this matter that could have been spent on other cases and clients. This amount includes 4 hours of attorney time and 3 hours of law clerk time, both having been reduced.

CERTIFIED COPY

10.     The nature of this motion is such that it warrants the entry of monetary sanctions against the State of Texas for failing to comply with well-established law. I made numerous attempts to amicably resolve this matter, only to be met with inexplicable resistance by the State of Texas. In the hundreds of criminal cases I have handled for years, from Class C Misdemeanors to First Degree Felonies, I have *never* filed a Motion to Compel Discovery, or for sanctions, because the State has always complied with the law and their duties regarding same. Indeed, the underlying motion is one typically associated with civil litigation—not criminal.

11.     Your affiant had to expend an inordinate amount of time and in fact, was invited to bring this motion by the State of Texas, to obtain compliance of a ministerial duty that the State has no discretion not to follow. Your affiant spent time that could have otherwise be used for the benefit of other clients.

12.     Your affiant accordingly requests that the attorney's fees prayed for in the underlying motion be granted to deter future misconduct of the State of Texas.

**FURTHER, YOUR AFFIANT SAYETH NAUGHT."**

**VERIFICATION**

STATE OF TEXAS          §

COUNTY OF DALLAS        §

My name is Stephen Kenji Le Brocq, my date of birth is: May 24, 1991. My address is: 2150 North Josey Lane, Suite 227, Carrollton, Texas, 75006, and United States of America. I declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED in the County of Dallas, State of Texas, on the 14 day of March, 2018.

                                        /s/ Stephen Le Brocq
                                        Declarant

MUNICIPAL COURT
FILED
MAR 15 2018
CITY OF CARROLLTON

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: 4·23·18

*Affidavit of Stephen Le Brocq*                                    Page 3 of 3

APP. 0026

CAUSE NOS. 00475441, 00475442

| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
|---|---|---|
| | § | |
| vs. | § | CITY OF CARROLLTON |
| | § | |
| GONZALO ROBLES CESENA | § | DALLAS COUNTY, TEXAS |

### ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR EXTRAORDINARY RELIEF

On this, the 15th day of March, 2018, the Court considered Defendant GONZALO ROBLES

CESENA's <u>Motion Compel Discovery and for Extraordinary Relief</u> and the State's response to

Defendant's motion.   Defendant's motion to compel discovery is DENIED, and Defendant's motion for

extraordinary relief is DENIED.

SO ORDERED the 15th day of March, 2018.

_____
Presiding Judge, Municipal Court
City of Carrollton, Dallas County, Texas



CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: _____
Date: 7·23·18

APP. 0027

CAUSE NOs. 00475441 & 00475442

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| | § | |
| vs. | § | CITY OF CARROLLTON |
| | § | |
| GONZALO ROBLES CESENA | § | DALLAS COUNTY, TEXAS |

## REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Gonzalo Robles Cesena respectfully requests the Court to state, in writing, the findings of fact and conclusions of law regarding its denial of Defendant's Motion to Compel Production and For Extraordinarily relief on March 15, 2018.

Respectfully submitted, this 15ᵗ day of March, 2018

**LE BROCQ LAW FIRM PLLC**

/s/ Stephen Le Brocq
Stephen Le Brocq
TX SBN: 24094791
Plaza of Josey Ranch
2150 North Josey Lane, Suite 227
Carrollton, Texas 75006
P: (469) 930-4385 F: (866) 820-6005
E: stephen@lebrocqlawgroup.com
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served a copy of the foregoing instrument upon the State of Texas in accordance with the Texas Rules of Criminal Procedure, by emailing a copy of same to the State on March 15, 2018.

/s/ Stephen Le Brocq

CERTIFIED COPY
CARROLLTON MUNICIPAL COURT
Certified by: ____
Date: 4·23·18

MUNICIPAL COURT
FILED
MAR 15 2018
CITY OF CARROLLTON

APP. 0028

CAUSE NOS. 00475441, 00475442

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE MUNICIPAL COURT |
| | § | |
| vs. | § | CITY OF CARROLLTON |
| | § | |
| GONZALO ROBLES CESENA | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |

CARROLLTON MUNICIPAL COURT
CERTIFIED COPY
Certified by:
Date: 4.23.18

## ORDER ON FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

Findings of Fact

On the 15th day of March, 2018, the Court considered Defendant's Motion to Compel Discovery and for Extraordinary Relief. Appearing on behalf of the Defendant was Attorney Stephen Le Brocq, and appearing on behalf of the State was Assistant City Attorney Susan Keller. No case law was presented by either party to support their respective arguments. At the conclusion of the hearing on the record, Mr. Le Brocq requested that the Court issue Findings of Fact and Conclusions of Law.

The issue before the Court is whether the State violated Art. 39.14 of the Texas Code of Criminal Procedure, otherwise known as the "Michael Morton Act" by failing to provide a physical copy of a 12-minute WatchGuard video of the alleged offenses. Mr. Le Brocq alleged that the State failed to provide requested discovery in violation of Art. 39.14, because the State did not provide him with a physical copy of a WatchGuard video of the alleged offenses. In short, Mr. Le Brocq argues that he is entitled to a physical copy of the video. Mr. Le Brocq has offered to provide a new DVD or new jump drive in order to obtain a copy of the video.

Ms. Keller responded orally to Mr. Le Brocq's motion by providing an explanation of the term "electronic duplication" according to the Code Construction Act to harmonize different sections of Art. 39.14. Ms. Keller argued that efforts had been made to produce the video to Mr. Le Brocq, specifically by scheduling an agreeable time at which he could come and view it in the presence of the State and

Order on Findings of Fact and Conclusions of Law

simultaneously record the video on his phone or other video recording device. When asked by the Court whether a physical copy of the video could be produced to Mr. Le Brocq, Ms. Keller responded that currently, the Carrollton City Attorney's Office in did not have the technical capability to copy videos from WatchGuard on their computers. Ms. Keller also noted that the introduction of "outside media" such as jump drives and DVD's could potentially put the city's network at risk as well as the confidentiality of sensitive defendant information. Ms. Keller stated that the city is currently working on a solution that would allow prosecutors to make copies of WatchGuard videos that would not compromise the city's computer network.

The Court noted that as of March 15, 2018, there had been no court order issued requiring the State to provide discovery nor had there been a formal pre-trial docket setting. While no longer required under 39.14, no formal motion for discovery was filed with the Court to provide the basis for a formal court order. It appears that the bulk of the communication between the State and the Defendant regarding this matter had been via e-mail. Copies of the e-mails were attached as exhibits to Defendant's motion.

Conclusions of Law

The Court finds that, based upon the arguments presented, that the State has not failed to comply with Art. 39.14 in this case, and Defendant's motion and request for extraordinary relief are denied. The State has made a number of attempts to provide Mr. Le Brocq with the requested discovery. The State made multiple suggestions of available dates on which Mr. Le Brocq could appear to view the video that exists in these cases. Mr. Le Brocq seemed to summarily dismiss each of the State's suggested dates, instead demanding a physical copy of the video either in DVD or jump drive format. Mr. Le Brocq did not appear to provide any "counteroffer" of dates/times that might be more amenable to him to appear and view the video in the presence of the State.

Order on Findings of Fact and Conclusions of Law

CARROLLTON CERTIFIED COPY
MUNICIPAL COURT
Certified by: _____
Date: 4-23-18

The Court noted that since both parties were present at the hearing, that the State could produce the video at the conclusion of the hearing. The State was amenable, and at the conclusion of the hearing, Ms. Keller asked Mr. Le Brocq if he wanted to view the video "now." Mr. Le Brocq refused, and exited the courtroom.

The State has attempted in good faith to provide the video in question to Mr. Le Brocq on more than one occasion, and has therefore complied with Art. 39.14. Mr. Le Brocq's willful refusal to view the proffered video in the format currently available to the State does not demonstrate a failure by the State to comply with Art. 39.14. The Court finds that "electronic duplication", in the plain language meaning of the term could mean more than simply providing a physical copy of a video on a DVD or jump drive. "Electronic duplication" could also mean a video made of the video. In other words, there is nothing preventing Mr. Le Brocq from making his own recording of the video with a smart phone or other video recording device and downloading that copy to a DVD or jump drive on his own.

SO ORDERED the 19th day of March, 2018.

_____
Presiding Judge, Municipal Court
City of Carrollton, Dallas County, Texas.

Order on Findings of Fact and Conclusions of Law

APP. 0031



## *Tex. Code Crim. Proc. Art. 39.14*

This document is current through the 2017 Regular Session and 1st C.S., 85th Legislature

***Texas Statutes & Codes Annotated by LexisNexis® > Code of Criminal Procedure > Title 1
Code of Criminal Procedure of 1965 > Trial and Its Incidents > Chapter 39 Depositions and
Discovery***

## Art. 39.14. Discovery.

**(a)** Subject to the restrictions provided by *Section 264.408, Family Code*, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article. The rights granted to the defendant under this article do not extend to written communications between the state and an agent, representative, or employee of the state. This article does not authorize the removal of the documents, items, or information from the possession of the state, and any inspection shall be in the presence of a representative of the state.

**(b)** On a party's request made not later than the 30th day before the date that jury selection in the trial is scheduled to begin or, in a trial without a jury, the presentation of evidence is scheduled to begin, the party receiving the request shall disclose to the requesting party the name and address of each person the disclosing party may use at trial to present evidence under Rules 702, 703, and *705, Texas Rules of Evidence.*Except as otherwise provided by this subsection, the disclosure must be made in writing in hard copy form or by electronic means not later than the 20th day before the date that jury selection in the trial is scheduled to begin or, in a trial without a jury, the presentation of evidence is scheduled to begin. On motion of a party and on notice to the other parties, the court may order an earlier time at which one or more of the other parties must make the disclosure to the requesting party.

**(c)** If only a portion of the applicable document, item, or information is subject to discovery under this article, the state is not required to produce or permit the inspection of the remaining portion that is not subject to discovery and may withhold or redact that portion. The state shall inform the defendant that a portion of the document, item, or information has been withheld or redacted. On request of the defendant, the court shall conduct a hearing to determine whether withholding or redaction is justified under this article or other law.

**(d)** In the case of a pro se defendant, if the court orders the state to produce and permit the inspection of a document, item, or information under this subsection, the state shall permit the pro se defendant to inspect and review the document, item, or information but is not required to allow electronic duplication as described by Subsection (a).

**(e)** Except as provided by Subsection (f), the defendant, the attorney representing the defendant, or an investigator, expert, consulting legal counsel, or other agent of the attorney representing the defendant

Case 3:18-cv-01423-S-BT   Document 22-7   Filed 07/20/18   Page 68 of 69   PageID 748

Page 2 of 3
Tex. Code Crim. Proc. Art. 39.14

may not disclose to a third party any documents, evidence, materials, or witness statements received from the state under this article unless:

    **(1)** a court orders the disclosure upon a showing of good cause after notice and hearing after considering the security and privacy interests of any victim or witness; or

    **(2)** the documents, evidence, materials, or witness statements have already been publicly disclosed.

**(f)** The attorney representing the defendant, or an investigator, expert, consulting legal counsel, or agent for the attorney representing the defendant, may allow a defendant, witness, or prospective witness to view the information provided under this article, but may not allow that person to have copies of the information provided, other than a copy of the witness's own statement. Before allowing that person to view a document or the witness statement of another under this subsection, the person possessing the information shall redact the address, telephone number, driver's license number, social security number, date of birth, and any bank account or other identifying numbers contained in the document or witness statement. For purposes of this article, the defendant may not be the agent for the attorney representing the defendant.

**(g)** Nothing in this article shall be interpreted to limit an attorney's ability to communicate regarding his or her case within the Texas Disciplinary Rules of Professional Conduct, except for the communication of information identifying any victim or witness, including name, except as provided in Subsections (e) and (f), address, telephone number, driver's license number, social security number, date of birth, and bank account information or any information that by reference would make it possible to identify a victim or a witness. Nothing in this subsection shall prohibit the disclosure of identifying information to an administrative, law enforcement, regulatory, or licensing agency for the purposes of making a good faith complaint.

**(h)** Notwithstanding any other provision of this article, the state shall disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the state that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged.

**(h-1)** In this subsection, "correctional facility" has the meaning assigned by *Section 1.07, Penal Code*. Notwithstanding any other provision of this article, if the state intends to use at a defendant's trial testimony of a person to whom the defendant made a statement against the defendant's interest while the person was imprisoned or confined in the same correctional facility as the defendant, the state shall disclose to the defendant any information in the possession, custody, or control of the state that is relevant to the person's credibility, including:

    **(1)** the person's complete criminal history, including any charges that were dismissed or reduced as part of a plea bargain;

    **(2)** any grant, promise, or offer of immunity from prosecution, reduction of sentence, or other leniency or special treatment, given by the state in exchange for the person's testimony; and

    **(3)** information concerning other criminal cases in which the person has testified, or offered to testify, against a defendant with whom the person was imprisoned or confined, including any grant, promise, or offer as described by Subdivision (2) given by the state in exchange for the testimony.

**(i)** The state shall electronically record or otherwise document any document, item, or other information provided to the defendant under this article.

**(j)** Before accepting a plea of guilty or nolo contendere, or before trial, each party shall acknowledge in writing or on the record in open court the disclosure, receipt, and list of all documents, items, and information provided to the defendant under this article.

**(k)** If at any time before, during, or after trial the state discovers any additional document, item, or information required to be disclosed under Subsection (h), the state shall promptly disclose the existence of the document, item, or information to the defendant or the court.

*(l)* A court may order the defendant to pay costs related to discovery under this article, provided that costs may not exceed the charges prescribed by Subchapter F, Chapter 552, Government Code.

**(m)** To the extent of any conflict, this article prevails over Chapter 552, Government Code.

**(n)** This article does not prohibit the parties from agreeing to discovery and documentation requirements equal to or greater than those required under this article.

## History

Enacted by Acts 1965, 59th Leg., ch. 722 (S.B. 107), § 1, effective January 1, 1966; am. Acts 1999, 76th Leg., ch. 578 (S.B. 557), § *1*, effective September 1, 1999; am. Acts 2005, 79th Leg., ch. 1019 (H.B. 969), § *1*, effective June 18, 2005; am. Acts 2009, 81st Leg., ch. 276 (S.B. 595), § *2*, effective September 1, 2009; am. Acts 2013, 83rd Leg., ch. 49 (S.B. 1611), § *2*, effective January 1, 2014; am. Acts 2015, 84th Leg., ch. 459 (H.B. 510), § 1, effective September 1, 2015; am. Acts 2015, 84th Leg., ch. 1236 (S.B. 1296), § 4.001, effective September 1, 2015; am. *Acts 2017, 85th Leg., ch. 686 (H.B. 34), § 7*, effective September 1, 2017.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2018 Matthew Bender & Company, Inc.
a member of the LexisNexis Group. All rights reserved.

**End of Document**